JESSE B. ROGERS, THOMAS LAPAN and FRED LAPAN,
    Appellants, v. THE STATE OF NEW YORK, Respondent.

JOHN HANRAHAN, Appellant, v. THE STATE OF NEW YORK,
                    Respondent.

THOMAS MENEELEY, Appellant, v. THE STATE OF NEW YORK,
                    Respondent.

GEORGE HENRY, Appellant, v. THE STATE OF NEW YORK,
                    Respondent.

ROBERT DAVISON, as Administrator, etc., of ROBERT PARKER,
    Deceased, Appellant, v. THE STATE OF NEW YORK,
    Respondent.

JAMES C. DALY, Appellant, v. THE STATE OF NEW YORK,
                    Respondent.

JOHN GUERIN, Appellant, v. THE STATE OF NEW YORK,
                    Respondent.

JAMES STEWART, Appellant, v. THE STATE OF NEW· YORK,
                    Respondent.

JAMES STEWART, Appellant, v. THE STATE OF NEW YORK,
                    Respondent.

            Third Department, July 1, 1918.

Court of Claims — jurisdiction — failure to file notice of intention —
    construction and effect of chapter 420 of the Laws of 1916 — appeal
    — motion to dismiss denied.

Chapter 420 of the Laws of 1916, giving the Court of Claims jurisdiction to
    hear and determine any claim against the State theretofore accrued,
    which shall be filed within one year after the act takes effect, for com-
    pensation or damages on account of the appropriation or use by the State
    of property in connection with the improvements of the canal, and further
    providing that " the filing of such claim shall also be in lieu and stead of
    any notice of intention to so file," was intended to relieve claimants
    from the result of a failure to file a notice of intention and renders it
    unnecessary to refile a claim already filed, thereby saving any claim
    filed before the date when said act took effect, although there was a failure
    to file a notice of intention.
On a motion to dismiss appeals upon the ground that there was a failure to
    file a written notice of intention to file a claim as required by section 264

of the Code of Civil Procedure, the appeal should be heard so that the court may determine whether or not claimants have suffered damages on account of the use of their lands or property by the State..

MOTION by the defendant to dismiss the appeals in the above-entitled cases.

*William E. Young*, for the appellants.

*Merton E. Lewis*, Attorney-General [*Edmund H. Lewis, Deputy Attorney-General*, of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

If there is any merit in the appeals, under the circumstances they should not be dismissed for failure to file papers on appeal. The defendant claims that the decision in *Butterfield* v. *State of New York* (221 N. Y. 701) shows that the appeals are without merit. The appellants, while not showing that this case differs materially from that case, contend that the *Butterfield* decision is based solely on *Buckles* v. *State of New York* (221 N. Y. 418), and that chapter 420 of the Laws of 1916 was not properly brought to the attention of the Court of Appeals, and that the effect of that law is yet to be determined.

Concededly, the claim was filed in time. No notice of intention to file a claim was filed. The appellants, therefore, have no standing in court under the cases cited, unless .the statute referred to aids them. That statute gives the court jurisdiction to hear and determine any claim against the State theretofore accrued, which shall be filed within one year after the act takes effect, for compensation or damages on account of the appropriation or use by the State of land, waters or other property in connection with the improvement of the canals. The statute also provides, " the filing of such claim shall also be in lieu and stead of any notice of intention to so file." The act became a law May 4, 1916, and was intended to relieve claimants from the results of a failure to file a notice of intention. The statute gives permission to file a claim within a year after the act takes effect, that is, to May 4, 1917. Concededly no new claim was filed after the act took effect but the claim had been filed before that time. It would seem an unnecessary ceremony to refile a

claim already filed. The spirit of the statute should save any claim filed before May 4, 1917. The statute is remedial and if the only fault with reference to the appellants' claims is the failure to file a notice of intention, the objection seems so technical, where the claim itself is duly filed, that the statute may be given the broad and liberal interpretation we have suggested.

It is evident that the appellants' claims do not arise from the appropriation of lands. The claims are, as we understand from the meagre facts represented, that the damming of Wood creek threw the waters of the creek back upon the lands. It does not appear whether this was as a result of an unusual flood or was a condition naturally and ordinarily resulting from the damming of the creek. If the latter, perhaps it may be said that the claims are for damages on account of the use of the lands by the State. If the flood damages were the result of an unusual, unexpected freshet, which was not fairly within the contemplation of any one when the dam was constructed, perhaps it cannot be said that the flooding was a use of the lands by the State.

We do not pass upon the question whether plaintiffs' claims come within the provision of chapter 420, but deem it proper that the appeals should be heard, so that the court may determine whether or not claimants have suffered damages on account of the use of their lands or property by the State. The motion to dismiss the appeals is, therefore, denied. Papers on appeal may be perfected and filed within sixty days.

All concurred.

Motion denied.