COOPER-SNELL COMPANY, Respondent, *v.* THE STATE OF
NEW YORK, Appellant.

COOPER-SNELL COMPANY, Respondent, *v.* THE STATE OF
NEW YORK, Appellant.

Court of Claims — jurisdiction — effect of act passed to
enable court to take jurisdiction of claim — provision that
claim must be filed within fixed time after passage of act must
be complied with — failure of claimant so to do not cured by
fact that claim had been filed before passage of act.

When an enabling statute conferring jurisdiction upon the Court of
Claims to hear and determine a claim over which it previously had no
jurisdiction, because claimant had failed to serve notice of its intention
to present a claim as required by section 264 of the Code of Civil
Procedure, provided that no award should be made unless sustained
by legal evidence sufficient to create a liability in a court of law or
equity " nor unless such claims shall be filed with the Court of Claims
within six months from the time this act takes effect; but such claims
shall not be defeated nor the jurisdiction of such court impaired
because of the failure to file notices of intent to file such claims as
provided in section two hundred and sixty-four of the code of civil
procedure," and the claimant neglected to file its claim until after the
time fixed by the act, the Court of Claims has no jurisdiction thereof.
The fact that the claims were filed before the passage of the enabling
act was not such a compliance with the act that the claim did not
have to be re-filed.    (*Rogers* v. *State*, 184 App. Div. 340, distinguished.)
    *Cooper-Snell Co.* v. *State of New York*, 193 App. Div. 192, reversed.

(Argued January 12, 1921; decided January 25, 1921.)

APPEAL, in each of the above-entitled actions, by
permission, from an order of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered July 6, 1920, which reversed an order of the Court
of Claims denying a motion to open a default and to set
aside a dismissal of the claim thereon and granted said
motion.

In each action the following questions were certified:
" 1. Was it necessary for the claimant to re-file its claim

to comply with the provisions of chapter 603 of the Laws of 1918? 2. Did the Court of Claims have jurisdiction to determine the claimant's claim?"

There are two cases on appeal, one known as Claim No. 1688-A and the other as 1549-A. The two cases will be treated as one.

The facts, so far as material, are stated in the opinion.

*Charles D. Newton,* Attorney-General (*B. F. Sturgis* of counsel), for appellant. It was necessary to re-file the claims to comply with the provisions of chapter 603 of the Laws of 1918. (*Buckles* v. *State,* 221 N. Y. 418; *Gates* v. *State,* 128 N. Y. 221; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Woodbury,* 208 N. Y. 421; *People* v. *Long Island R. R. Co.,* 194 N. Y. 130; *Smith* v. *State,* 227 N. Y. 405; *Ross* v. *State,* 186 App. Div. 156.)

*Howard G. Wilson* and *John C. Wait* for respondent. It was unnecessary for claimant to file a new claim or re-file the old claim. The law does not require a party to do useless and futile acts. (*Cooper-Snell Co.* v. *State,* 193 App. Div. 192; *Rogers* v. *State of New York,* 184 App. Div. 341.) The intent of the statute (L. 1918, ch. 603) was to confer jurisdiction on the Court of Claims to hear and determine these claims on the merits. Relief should be given in accordance with the purpose of this remedial act. (*Mille Lac Chippewas* v. *U. S.,* 46 Ct. of Cl. Rep. 476; *Newrath* v. *United States,* 17 Ct. of Cl. Rep. 225; *Johnston's Case,* 17 Ct. of Cl. Rep. 157; *Field Officers* v. *United States,* 22 Ct. of Cl. Rep. 58; *Wrightman* v. *United States,* 23 Ct. of Cl. Rep. 144; *Cruger* v. *United States,* 11 Ct. of Cl. Rep. 766; *Braden* v. *U. S.,* 16 Ct. of Cl. Rep. 389; *Roberts* v. *U. S.,* 92 U. S. 41; 6 Ct. of Cl. Rep. 84.) The whole purpose and intent of chapter 603 of the Laws of 1918 is to confer jurisdiction on the Court of Claims to hear, audit and determine these claims, notwithstanding the failure to file a notice of intention

within six months. This purpose should be given effect. (Endlich on Interp. of Stat. § 295; *Bell* v. *N. Y.*, 105 N. Y. 139; *People* v. *Utica Ins. Co.*, 15 Johns. 358; *Jackson* v. *Collins*, 3 Cow. 89; *Maysville R. R. Co.* v. *Herrick*, 13 Bush [Ky.], 221; *Molloy* v. *Chic. & N. W. Ry. Co.*, 109 Wis. 29; *Rutherford* v. *Greene*, 2 Wheat. 196; *Rogers* v. *State*, 184 App. Div. 340; *O. & S. R. R. Co.* v. *State*, 226 N. Y. 351; *Quayle* v. *State*, 192 N. Y. 50; *Lord* v. *Thomas*, 64 N. Y. 109; *Danolds* v. *State*, 89 N. Y. 42.)

CRANE, J. In August of 1910 the claimant, Cooper-Snell Company, a domestic corporation of Little Falls, New York, entered into a contract for the improvement of a highway known as the Dolgeville Village-County Road, No. 868, in the county of Herkimer, New York. After the work under the contract was completed, the company claimed that by reason of unnecessary and undue delays in accepting materials for said work, in furnishing incorrect and improper grades and in changing grades, it had been greatly damaged.

Claim No. 1688-A was filed on June 20, 1914, with the Board of Claims, demanding judgment against the state for $22,000. Claim No. 1549-A, demanding $21,500, was filed May 5, 1914.

While these claims may have accrued within two years before the filing, yet the claimant failed to comply with the provision of section 264 of the Code of Civil Procedure, as it was at that time, requiring the service of a notice of intention to present a claim with the attorney-general within six months after the time of accrual. This was held in *Buckles* v. *State of New York* (221 N. Y. 418) to be vital and that the Court of Claims, by reason of such failure, had no jurisdiction.

Thereafter chapter 603 of the Laws of 1918 was passed giving jurisdiction to the Court of Claims to hear and determine these demands of the Cooper-Snell Company against the state upon certain conditions.

As this appeal turns upon the construction of the statute, it is here set forth in full:

" CHAP. 603.

"An Act to confer jurisdiction on the court of claims to hear, audit and determine the alleged claims of the Cooper-Snell Company against the state for damages alleged to have been sustained by such company, and to render judgment therefor.

Became a law May 10, 1918, with the approval of the Governor.
Passed, three-fifths being present.

" *The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

" SECTION 1. Jurisdiction is hereby conferred upon the court of claims to hear, audit and determine the alleged claim of the Cooper-Snell Company against the state for extra work and damages alleged to be due such company in the construction of a section of highway known as the Dolgeville village county road, number eight hundred and sixty-eight, in the county of Herkimer, and also the alleged claim of said company for damages by reason of extra work, labor, services and damages sustained by it because of the alleged negligence of the state in not furnishing proper and correct grades for work in connection with highway contract, known as the Manheim Center and Salisbury Center road, number four hundred and sixty-three, in the county of Herkimer; and such court of claims may make awards and render judgment for the amount justly and equitably found due and owing to such company.

" § 2. Nothing in this act shall be construed as passing upon the merits of such claims, or assuming liability on the part of the state, nor as debarring the state from interposing any legal or equitable defense to the alleged claims or any part thereof, and no award shall be made or judgment rendered herein against the state unless sustained by such legal evidence as would create a liability in a court of law or equity against an individual or corporation, nor unless such claims shall be filed with the court of claims

within six months from the time this act takes effect; but such claims shall not be defeated nor the jurisdiction of such court impaired because of the failure to file notices of intent to file such claims as provided in section two hundred and sixty-four of the code of civil procedure.

" § 3. This act shall take effect immediately."

This act took effect May 10, 1918.  On November 12, 1918, the claimant attempted to file claims pursuant to the provisions of this act, but the six months' limitation had expired two days before.

The claimant then took the position that the filing of the claims in 1914 was a sufficient compliance with this act of 1918 and that the claims did not have to be re-filed. With this the Court of Claims did not agree, and dismissed the claims or denied the motion to open a default, resulting in a dismissal of the claims.  By a vote of three to two the Appellate Division has reversed the Court of Claims and granted the motion to open the default which in effect determines that the claims did not have to be again filed after the passage of the act of 1918.

The act is very clear and precise in all its terms and has special reference, as will be noted in the title, to this claimant and its claims.  The legislature presumably knew that they had been barred for failure to comply with the provisions of the Code of Civil Procedure giving the Court of Claims jurisdiction.  It referred to such failure in the last four lines of section 2.  With this in mind, the legislature prescribed a new rule of procedure for these claims or new and further conditions upon the fulfillment of which the Court of Claims might hear and allow them.

By section 1 the court is permitted to hear, audit and determine the claims and render judgment for the amount justly and equitably found to be due and owing to the company.  The conditions and limitations are then specified in section 2.  The first condition is that the claims must be sustained by such legal evidence as

will create a liability in a court of law or equity against an individual or corporation. The second condition is that such claims (the claims of the Cooper-Snell Company against the state) shall be filed with the Court of Claims within six months from the time this act takes effect. The latter condition is just as binding as the former. We have no more right to construe away the language, regarding the filing of the claims, than we have to touch the language referring to the method of proof. Both conditions are clear and concise and no better words could be chosen to express what is here stated. The courts may frequently be called upon to construe language and interpret statutes when there is some doubt created by the language or in the application, or it is apparent that the intent of the legislature has not been fully or accurately expressed. How better could the legislature have expressed its intent if it really did mean that the claims of this company should be again filed within six months after the passage of the law? To say that it meant something else and that a filing two years before its passage would answer the purpose is to substitute a new provision for the clear requirement of the legislature. It may be that a claim on file two years before was just as good a notice as a claim filed within six months thereafter. Then again it may be that if legislative assistance were necessary to give the court jurisdiction the legislature considered it better that the whole proceeding should begin anew; that instead of reviving dead claims it would demand a new set of papers from the start. We see nothing in this statute which calls upon us to add to or take away from the plain words of the act except a desire to relieve the claimant from oversight or neglect.

The fact that the claimant attempted to file papers two days after the expiration of the six months' limitation indicates that there was no misunderstanding on its part or upon the part of its representatives as to the meaning of this act. If those interested in the passage of the

statute thought that it required the re-filing of claims why should the courts take any other view of it?

One of the cardinal rules to be applied in construing statutes is that they are to be read according to the natural and obvious import of their language without resorting to a subtle or forced construction either limiting or extending their effect.

To hold that an act, specifying that the Court of Claims shall have *no* jurisdiction unless the claims of the Cooper-Snell Company be filed with the court within six months from the time the act takes effect, means that the Court of Claims *has* jurisdiction over claims filed two years before it took effect, is forcing a construction not justified either by the words or by any intent that we can gather from the circumstances of this case.

*Rogers* v. *State of N. Y.* (184 App. Div. 340) has not been overlooked by us. Without commenting upon that case it is sufficient to say that the nature of these claims and the direct application of the act here in question to the Cooper-Snell contract make a marked distinction.

The orders of the Appellate Division must be reversed and the orders of the Court of Claims, denying the motion to open the default on the ground that the court has no jurisdiction, must be sustained, with costs in all the courts. The first question certified is answered in the affirmative and the second in the negative.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur; CARDOZO, J., not voting.

Ordered accordingly.