Dore, J.
The main issue presented for our determination is whether, under applicable provisions of the Administrative Code, petitioner bank may compel respondent, Register of the City of New York, to file the chattel mortgage in question on paying a filing fee of only $1.55, or whether the proper filing fee is $45.30, as the register contends, on the basis that the total indebtedness actually involved in the mortgage is not four thousand odd dollars but in excess of $3,000,000.
The chattel mortgage annexed to the petition shows on its face that on the date in question the bank loaned John J. Casale, Inc., $4,049.74; that the mortgage was given to secure the ‘ ‘ Indebtedness ” of the mortgagor who gave its note at the time for $4,049.74; but it expressly adds that the chattels were mortgaged as collateral security not only for the $4,049.74 loan but also for all other loans theretofore made aggregating over $3,000,000 and also for any that might be made in the future.
Subdivision 14 of section 1052-13.0 of the Administrative Code of the City of New York provides that when “ the amount involved in a chattel mortgage ” is $100,000 or more, the fee for filing shall be $1.25 for each $100,000 or fraction thereof. If the amount involved is the sum of more than $3,000,000, the register’s demand with respect to filing the chattel mortgage herein was proper.
The bank contends that the “ amount involved ” merely meant the amount loaned at the time, about $4,000. The difficulty with this contention is that the mortgage in question by its express terms was given as security not only for that amount but for the larger amount in excess of $3,000,000. The phrase ‘ ‘ the amount involved ” necessarily means all of the indebtedness for which the mortgaged chattels are pledged by the terms of the mortgage itself. It is, therefore, the amount of the lien imposed upon the *120 mortgaged chattels that determines the recording fee to be paid. This chattel mortgage specifically states that it is given to secure the “ Indebtedness ” upon the express condition that the mortgagor pay to the mortgagee $4,049.74, the amount loaned at the time, “ and all other sums that may become due under this mortgage # * * and * * * all other Indebtedness to the party of the second part [the bank], whether heretofore, contemporaneously herewith or hereafter created, which is secured or intended to be secured by this mortgage, (all such sums being hereinafter sometimes collectively referred to as the ‘ Indebtedness ’) ”. The mortgage also expressly states that the mortgaged chattels are collateral security for the note of even date “ and for any and all liabilities and obligations ” of the mortgagor to the mortgagee. Rider A, expressly referred to in the body of the mortgage itself and annexed thereto, shows that the total “ indebtedness ” at the time aggregated $3,511,193.85. Adding to this, the $4,049.74 also loaned at the time in question, made the “ amount involved ” $3,515,243.59.
As the instrument sought to be recorded created a lien of at least $3,515,243.59 upon the chattels covered thereby, the lawful fees chargeable by the register must be based on that larger amount, and not on the $4,049.74 advanced on the day when the document was executed. On this record, that is all we are at present required to determine with regard to filing the mortgage here in question.
Any alleged duplication of filing fees has been caused by appellant bank itself and by the form of the chattel mortgage it exacted from its debtor. The bank demanded and received additional security for the prior loans which may or may not have been adequately secured. The mortgage herein gives the bank a lien, to the extent of its total advances, upon a chattel which had not been encumbered by any of the previously filed chattel mortgages. That such chattel is of comparatively little value is not determinative of the issue. The converse might well have been the case and, in any event, the lien given is for the total advances of over $3,000,000.
In the papers the bank asked to be filed, it, as mortgagee, sought the benefit and protection of the law to the extent of at least $3,515,243.59 but now seeks to limit its lawful fees for legally assuring such protection to a tiny part of the total amount involved. The so-called duplication is due to the fact that the bank demanded security for millions of dollars already loaned (and indeed for all amounts to be loaned in the future) when, *121 at the time the note was given, it loaned only four thousand odd dollars. In our opinion on the undisputed facts disclosed, the register was required under the statute to demand as the proper filing fee for the chattel mortgage herein $45.30, and not the $1.55 tendered by appellant.
A second issue relates to the consent certificate required to be filed pursuant to section 16 of the Stock Corporation Law. That section, for a corporate mortgage of this type, requires two-thirds consent of the total corporate shares outstanding and the filing of a certificate of such consent in the recording office where the chattel mortgage is filed. The text of the consent certificate herein and the requirements of section 16 show that the certificate is an “ other instrument ” affecting chattels within the meaning of subdivisions 13 and 14 of section 1052-13.0 of the Administrative Code; and the certificate itself states that it was for the purpose of securing payment not only of the $4,049.74 “ owing [to the bank] by the said John J. Casale, Inc.” but also of “ any and all other indebtedness from the said John J. Casale, Inc. to said bank.” The “ other indebtedness ” as the chattel mortgage of even date with the consent certificate shows, is the larger sum of over $3,000,000 hereinabove specified.
We think there is no merit to the contention that subdivision 5 of the section is here controlling and not subdivisions 13 and 14. Subdivision 5, so far as relevant, provides that for filing any paper “ other than * "s= * [an] other instrument affecting chattels ”, the fee is twenty-five cents. By its terms that subdivision excludes what this consent actually is, an “ other instrument affecting chattels.”
By request of the court supplemental briefs were filed on an issue not presented in the original briefs: whether the statutes sustain a construction that the chattel mortgage and the consent certificate are, for filing purposes, only one; so that only one filing fee should be required for both. Research failed to disclose any authority specifically answering the precise question posed. It has been held that the consent of the stockholders is the essential condition to the validity of such corporate mortgage and, if the stockholders have in fact consented, the mere failure to file the certificate as required by statute does not render the mortgage made with such actual consent invalid and void (Rochester Sav. Bank v. Averell, 96 N. Y. 467, 476; Black v. Ellis, 129 App. Div. 140 [1st Dept.], affd. 197 N. Y. 402). However, this appeal does not present any issue as to the validity of the mortgage in question but solely as to the filing fees to be exacted by the regis *122 ter on filing the mortgage certificate and the consent required by section 16 of the Stock Corporation Law. The purpose of that section is to protect shareholders of corporations from mortgages created without their knowledge or consent. The purpose of requiring the filing of the chattel mortgage is for the protection of subsequent mortgages and encumbrances (Mack v. Phelan, 92 N. Y. 20). The obvious purpose of the statutes exacting filing fees is to cover the expenses necessarily incurred by the appropriate governmental agencies in filing and indexing documents required to be filed. Section 16 of the Stock Corporation Law expressly requires that the consent certificate be filed. We think it clear that the statutes dealing with the papers in question recognize and deal with them as separate and independent documents and, if it were the intention of the Legislature to have these documents filed for but one fee, appropriate words to effect such result could easily have been added. Statutes should be read according to the natural and obvious import of their language without resorting to subtle or forced construction, either limiting or extending their effect (Cooper-Snell Co. v. State of New York, 230 N. Y. 249, 255). As the certificate is an “ other instrument ” affecting chattels and is required to be filed as well as the chattel mortgage, separate appropriate filing fees must be charged for the consent certificate as well as for the chattel mortgage.
In the documents herein in question there is no ambiguity and no authority cited by appellant impairs the validity and correctness of the register’s position.
The order appealed from should be affirmed, with $20 costs and disbursements.