Owes" McGtveru, J.
This is a mandamus type article 78 proceeding to direct the issuance to petitioner of a certificate of qualification as a steam boiler operator.
Petitioner has passed a written examination and a second practical test for the certificate sought herein. His application *1077 is predicated under section C26-213.0 (suM. d, par. 9) of the Administrative Code of the City of New York. That section reads: “ llave liad direct supervision, care, operation and maintenance of a steam generating plant of a governmental building, having boilers of 150 or more horsepower, for a period of 5 years immediately preceding the date of his application and have had in addition one year’s experience under the direct supervision of a duly certified operating engineer on high pressure boilers in the city of New York, within the seven years immediately preceding the date of his application.”
Petitioner has submitted additional evidence which amplified Ms employment experience previously submitted under that section, which shows that he was employed at Manhattan State Hospital from February, 1952 to June, 1954 as a steam fireman under a licensed stationary engineer, and that in June, 1954 he was appointed a stationary engineer, which duty consisted of being in complete charge of a shift in the powerhouse; this latter duty consists of supervising steam firemen and helpers in the operation and maintenance of high-pressure boilers.
The respondent objects to the court’s consideration of this additional evidence since it was not before the boiler licensing section of the Building Department for consideration prior to the determination denying the issuance of a certificate of qualification to petitioner. However, the respondent contends that the additional evidence would not establish that the petitioner had the necessary experience requirements set forth in the aforesaid section, indicating that his determination of denial would be the same.
It is his interpretation of the section that the petitioner did not have direct supervision, care, operation and maintenance of a steam generating plant; that there was a chief engineer who was in direct supervision, and petitioner was also under the supervision of another from 1952 to 1956. Further, the fact that petitioner was in charge of a shift covers only part of the time in the operation of the powerhouse, and even in that event, he was under the supervision of the chief engineer.
The determination therefore rests as to what meaning should be ascribed to the phrase “Have had direct supervision, care, operation and maintenance.” “ One of the cardinal rules to be applied in construing statutes is that they are to be read according to the natural and obvious import of their language without resorting to a subtle or forced construction either limiting or extending their effect.” (Cooper-Snell Co. v. State of New York, 230 N. Y. 249, 255.)
*1078 In the light of the foregoing, the petitioner’s employment experience in being in complete charge of a shift, which includes supervising steam firemen and helpers in the operation and maintenance of high-pressure boilers, comes within the ambit of the pertinent section. It is not confined to one who is the chief engineer. While the latter might have over-all supervision, it cannot be said that assistant engineers with responsibility and supervision, and in charge of a shift, do not have direct supervision, care, operation and maintenance of a steam generating plant.
No valid ground exists for the denial of the certificate, and the respondent’s denial was arbitrary and capricious. The application is granted.