Gabrielli, J.
(dissenting). The majority concludes that even though the Legislature by section 3031 of the Education Law (as added by L 1972, ch 866) granted boards of education power to "review” determinations of superintendents of schools not to grant tenure to probationary teachers, the statute in fact gives boards the power only to recommend that superintendents reconsider their decisions. We are unable to agree with this conclusion.
Section 3031 of the Education Law provides:
"Notwithstanding any other provision of this chapter and except in cities having a population of one million or more, boards of education and boards of cooperative educational services shall review all recommendations not to appoint a person on tenure, and, teachers employed on probation by any school district or by any board of cooperative educational services, as to whom a recommendation is to be made that appointment on tenure not be granted or that their services be discontinued shall, at least thirty days prior to the board meeting at which such recommendation is to be considered, be notified of such intended recommendation and the date of the board meeting at which it is to be considered. Such teacher may, not later than twenty-one days prior to such meeting, request in writing that he be furnished with a written statement giving the reasons for such recommendation and within seven days thereafter such written statement shall be furnished. Such teacher may file a written response to such statement with the district clerk not later than seven days prior to the date of the board meeting.
"This section shall not be construed as iftodifying existing *900 law with respect to the rights of probationary teachers or the powers and duties of boards of education or boards of cooperative educational services, with respect to the discontinuance of services of teachers or appointments on tenure of teachers.”
On April 30, 1973 some 10 months following the effective date of the statute, petitioners, probationary school teachers, were notified by respondent superintendent of schools that they would not be recommended for tenure and that their services would be terminated. In accordance with the provisions of section 3031, petitioners requested that they be furnished with "a written statement giving the reasons for such recommendation” and, following receipt of the superintendent’s reply, each petitioner timely filed, as provided by statute, "a written response to such statement with the district clerk [of the school district]”. It is especially important to note that on August 23, 1973, the board of education met to consider the recommendations for nontenure by the superintendent and the minutes of that meeting reveal that he told the board, in no uncertain terms "that the law clearly states that the Board cannot grant tenure unless the Superintendent recommends it”, and, obviously basing its determination on this proscriptive advice, the board failed to "review” the recommendations.
Special Term held that to interpret section 3031 as respondents urged would render it nugatory and that the only rational construction of the statute is that it empowers boards of education to overrule recommendations not to grant tenure. Thus, Special Term annulled the board’s determination and remitted the matter to the board for review as provided by the statute. A divided Appellate Division reversed and dismissed the petition. The majority of that court reasoned that since prior to the passage of section 3031 boards of education could not override negative tenure recommendations and since the second paragraph of section 3031 states that it shall not be considered as modifying prior law, the statute did not confer upon boards of education the power to review and reverse negative tenure recommendations. The majority further stated that the word "review” as used in the first paragraph of section 3031 simply gave boards the power to remand individual cases for reconsideration. The two dissenting Justices voted to affirm on the well-reasoned opinion at Special Term.
Section 3031 was intended to provide probationary teachers with procedural safeguards against unjust summary dismissal (NY Legis Ann, 1972, pp 111-112). However, as the majority *901 below and in this court interpret it, section 3031 provides notice and an opportunity to be heard before an entirely impotent tribunal. Such a result is patently unsound and, we think, not intended by its framers. Research has not disclosed the enactment of any statute granting individuals review and procedural rights before any body incapable of rendering any relief. It is certainly no answer to say that the board may remand a case for reconsideration for there exists no power, as the majority now holds, to grant relief where the recommendation is unjust, a result obviously in discord with the intended purpose of the legislation.
Moreover, section 3031 logically grants boards of education the power to reverse an erroneous determination by the superintendent of schools. Notably, the first sentence of section 3031 provides that "boards of education * * * shall review all recommendations not to appoint a person on tenure”. (Italics supplied.) That this clause authorizes a school board to review, that is, "To re-examine judicially” (Black’s Law Dictionary [4th ed], p 1483; Webster’s Third New International Dictionary, p 1944) a superintendent’s recommendation not to appoint a person to tenure, is stated with express clarity.
The majority, by its decision today, erases all meaning from the first sentence of the section, for it clashes with the general canon of construction that statutory language be accorded "its natural and most obvious sense, without resorting to an artificial or forced construction” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94; see Cooper-Snell Co. v State of New York, 230 NY 249) and we find no warrant for the conclusion that the word "review” means "recommend”. Neither do we agree that the last paragraph of the statute was intended to render the procedural rights granted by the statute meaningless, as the majority now holds.
Accordingly, the order of the Appellate Division should be reversed and the determination made at Special Term reinstated.
Chief Judge Breitel and Judges Jasen, Jones and Wachtler concur in Per Curiam opinion; Judge Gabrielli dissents and votes to reverse in a separate opinion in which Judges Fuchsberg and Cooke concur.
Order affirmed, with costs.