*971 OPINION OF THE COURT
Benjamin F. Nolan, J.
Plaintiffs are three New York City police officers who lost time from work in 1974 after they sustained personal injuries in motor vehicle accidents in the course of their employment. All three were paid their salaries while out of work pursuant to their unlimited sick leave benefits. Nevertheless, each brought a separate action against the City of New York (hereinafter, the City) as a self-insurer under sections 671 and 672 of the New York State Insurance Law (hereinafter, no-fault law), for their basic economic loss, that is, their lost earnings, statutory interest thereon, and reasonable counsel fees. Pursuant to the "option” available to them under subdivision 2 of section 675 of the no-fault law, plaintiffs elected to bring suit in Civil Court rather than to submit their claims to arbitration. All three actions were consolidated for joint trial because a common question of law is involved. Thereafter, plaintiffs moved for summary judgment, and the City cross-moved for the same relief.
The City rejected plaintiffs’ claims on the grounds that they had not actually lost any wages or sick leave credit because their salaries had been paid under their unlimited sick leave benefits. Plaintiffs contend that they are entitled to recover under both their sick leave benefits and under no-fault because under the state of the no-fault statute in 1974 the benefits they received under sick leave regulations were not exclusions or offsets as against the benefits payable for the same loss under no-fault.
The payment of duplicate benefits is neither unique nor repugnant to our system of law. Duplicate benefit statutes, each designed to alleviate the same trauma of public employee time loss, need not be construed as being antagonistic and hostile in their approach to the same problem. Each must cover the loss it was designed to alleviate subject only to those express offsets and deductions which have been specifically enacted to provide a beneficial impact upon the cost of insurance (Memorandum accompanying L 1977, ch 892, McKinney’s 1977 Session Laws of NY, p 2245; McKinney’s Cons Laws of NY, Book 1, Statutes, § 94; see Matter of McKay v Town of West Seneca, 51 AD2d 373, 380 [dissenting opn], revd 41 NY2d 931 [on App Div dissent]; Cooper-Snell Co. v State of New York, 230 NY 249).
In 1974, section 671 (subd 2, par [b]) of the no-fault law *972 provided that the only offsets against first-party benefit claims for loss of earnings from work were, "amounts recovered or recoverable on account of * * * injury under state or federal laws providing social security benefits, or workmen’s compensation benefits.” (11 NYCRR 65.6 [o].) Effective December 1, 1977, this statute was amended to exclude so-called double recovery payments for losses of earnings where employees (like claimants here) are entitled to be paid their salary under another benefit contract. (L 1977, ch 892, § 17.) The amendment expressly applies to claims arising on or after December 1, 1977. Nothing in the amendment or the legislative memorandum accompanying it indicates an intent that the new exclusion of the amendment be applied retroactively. (Corrado v City of New York, American Arbitration Assn Case No. 1360-9464-77K, NF No. 710325; McKinney’s 1977 Session Laws of NY, L 1977, ch 892, p 2445.)
Claimants argue that the 1977 amendment makes it clear that the double recovery was authorized by the no-fault statute in 1974. The City disagrees, citing Matter of Zerella v City of New York (NYLJ, Sept 29, 1978, p 4, col 2), in which that court said that the no-fault statute, even as written in 1974 ¿lid not impose liability to pay the lost wages a second time, because where the salary had previously been paid under sick leave there was no actual wage loss; and, all the 1977 amendment did was to clarify what the statute actually intended before 1977.
It appears that the reasoning and conclusions of Zerella run contra to precedents in contemporary case law, in arbitration opinions, and in published interpretations of the intent and meaning of the no-fault statute as it was written in 1974. Interestingly, Zerella is the only authority cited by the City in support of its contention.
At page 2248 of McKinney’s 1977 Session Laws of New York, the memorandum accompanying the 1977 amendment (L 1977, ch 892) states: "This provision would thus eliminate double recoveries in those situations in which no true loss of earnings has occurred.” (Emphasis supplied.)
It would thus appear that the amendment would hardly have been addressed to the elimination of a double recovery unless, in the eyes of the Legislature, there was a pre-existing right to a double recovery which required elimination. It also appears that the double recovery before 1977 contemplated payment of the wage loss twice despite the fact that after it *973 was paid under sick leave regulations there was no longer any "true loss of earnings” at that point. Zerella’s emphasis upon "true loss” is thus misplaced in any consideration of "other source” benefits as understood in the insurance industry. Equally misplaced was Zerella’s conclusion that "basic economic loss” under the no-fault statute means "true loss”. In Corrado v City of New York (supra), the arbitrator emphasized that, "It is, therefore, apparent that there need be no actual income loss for the claimant to qualify for the benefit. There need only be a time loss resulting from the injury”; and the same point was made by the arbitrator in Sutton v City of New York (American Arbitration Assn Case No. 1360-7374-77, NF No. 710905) who said: "Simply because an injured individual received salary in full does not prevent the insurer (in this case the City is the self-insured party) from being obligated to pay the work-loss PIP Benefits”; and very recently, the Appellate Division in Amidon v Firemen’s Ins. Co. of Newark, N. J. (69 AD2d 979, 980) said: "Thus, whether or not the employee has received benefits from his employer under section 207-c of the General Municipal Law, he can require the third party to pay his basic economic loss.” To the same effect were the decisions in Village of Pelham v Economico (Supreme Ct, Westchester County, Index No. 5248/77), Messina v Office of Comptroller (American Arbitration Assn Case No. 1360-9342-77K, NF No. 707071), and Ucci v City of New York (American Arbitration Assn Case No. 1360-1053-76, NF No. 357152). The decisions in all of the afore-cited cases relate to claims arising before 1977.
Finally, Zerella appears to have gone much too far in presuming an exclusion in 1974, considering that section 65.6 (n) (2) (i) of the regulations (11 NYCRR 65.6 [n] [2] [i]) provided very clearly that "Benefits from other sources shall not be considered as an offset against or a deduction from loss of earnings, unless article XVIII of the Insurance Law expressly provides for such setoff or deduction.” (Emphasis supplied.) Zerella related to a claim antedating the 1977 amendment. At that time, the only express setoff or deductions were for Federal Social Security or workers’ compensation benefits. The unlimited sick leave benefits are neither Federal Social Security nor workers’ compensation benefits. In fact, the court in Zerella specifically noted that Zerella "did not receive any Workmen’s Compensation Benefits or disability benefits as he was not covered by Workmen’s Compensation Insurance.” *974 (Matter of Zerella v City of New York, NYLJ, Sept. 29, 1978, p 4, col 2, supra.)
As in Zerella, the sick leave benefits paid to the claimants herein were not workers’ compensation benefits. Nor were they gratuitous benefits. They were other source benefits under police department regulations derived from collective bargaining under what are called wage continuation plans. State Insurance Department circular letter No. 1, dated April 30, 1974, admonished all claims personnel "that amounts payable under wage continuation plans are not a permissible offset or deduction” as against benefits under the no-fault statute.
Accordingly, defendant’s cross motion for summary judgment is denied. Plaintiffs’ motion for summary judgment is granted. Plaintiffs shall have judgment for the principal amounts of their claims, which have been supported by uncontroverted proofs of time and salary loss made a part of their moving papers, together with interest at the rate of 2% per month from the date of the commencement of these actions, as authorized by subdivision 1 of section 675 of the no-fault law and section 65.6 (f) (2) of the regulations (11 NYCRR 65.6 [f] [2]) and reasonable counsel fees pursuant to subdivision 1 of section 675 of the no-fault law and section 65.6 (h) (1) of the regulations (11 NYCRR 65.6 [h] [1]) as shall be set by this court after a hearing for this purpose at a time and place to be designated by this court.