■ In the Matter of RICHARD C. McKENNA, Appellant, v COUNTY OF NASSAU OFFICE OF THE COUNTY ATTORNEY, Respondent.—In a proceeding to modify an arbitrator's award, in which respondent cross-applied to vacate the award, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered February 7, 1979, which denied petitioner's application and granted respondent's cross application. Judgment reversed, on the law, with $50 costs and disbursements, petitioner's application to modify the arbitrator's award is granted and respondent's cross application to vacate the award is denied. Petitioner, a Nassau County police officer, received

payment of his full salary pursuant to section 207-c of the General Municipal Law while he was unable to work and was recovering from injuries sustained during a job-related traffic accident. He also filed for first-party benefits under New York's no-fault law (Insurance Law, § 670 *et seq.*). At the time of the accident the no-fault law required that any recovery for basic economic loss be reduced by amounts recovered or recoverable pursuant to State or Federal Social Security disability benefits or workers' compensation benefits (Insurance Law, § 671, subd 2, par [b]). There was no express requirement that payments under wage continuation programs, such as provided for in section 207-c of the General Municipal Law, be deducted. The arbitrator's award did not include a deduction of the payments petitioner received under section 207-c. Special Term vacated the award to avoid the double recovery. We find that the award was not so irrational as to warrant vacatur and, accordingly, the judgment of Special Term must be reversed (see *Matter of Garcia v Federal Ins. Co.,* 46 NY2d 1040; *Matter of Furstenberg [Aetna Cas. & Sur. Co.],* 49 NY2d 757; cf. *Matter of Levine [Zurich Amer. Ins. Co.],* 49 NY2d 907). Apparently, a loophole existed in the original no-fault law which permitted the type of double recovery that petitioner sought. This loophole has since been eliminated by the Legislature (see Insurance Law, § 671, subd 1, as amd by L 1977, ch 892, § 6; see, also, Memorandum of State Executive Department, McKinney's Session Laws of NY, 1977, p 2448; *Wellington v City of New York,* 101 Misc 2d 970). It is also not disputed that in issuing his award, the arbitrator miscalculated the amount (see CPLR 7511, subd [c], par 1). Consequently petitioner's award should be modified so as to provide as follows:

| | |
|---|---|
| Basic Economic loss | $4,988.97 |
| Less 20% (see Insurance Law, § 671, subd 2, par [a]) | (997.72) |
| Less Worker's Compensation payments | (1,950.00) |
| Total recomputed award | $2,041.25. |

Damiani, J. P., Titone, Margett and Martuscello, JJ., concur.