Matthew J. Jasen, J.
Pursuant to CPLR 3211 (subd. [a], par. 5), defendant moves to dismiss the two causes of action commenced by the City of Buffalo to recover moneys expended on behalf of two policemen, William P. Fitzpatrick and Batista P. Grippi, on the grounds that the actions are barred by the Statute of Limitations and general releases.
It appears that on May 11, 1961, the said policemen, while on duty, were injured as a result of an automobile accident in' which the defendant’s motor vehicle was involved. As a result of these injuries, the City of Buffalo paid out $10,630.57 in salary, medical and hospital expense to William P. Fitzpatrick and the sum of $858.25 to Batista P. Crippi. Payments to officer Crippi were commenced on May 12, 1961 and to officer Fitzpatrick on May 26, 1961. Subsequently, regular payments were made by the city for medical and hospital expenses as well as salaries until March 23,1964.
On June 30, 1964, pursuant to the General Municipal Law (§ 207-c, subd. 6), the City of Buffalo commenced these actions against the defendant to recover said sums expended on behalf of said policemen.
Prior to the commencement of said actions, the policemen had commenced and settled their own actions for personal injuries arising out of said accident and general releases were executed by the policemen upon the payment of $3,000 to Fitzpatrick and $2,400 to G-rippi.
It is the defendant’s contention that the two causes of action being asserted by the City of Buffalo are barred by the three-year Statute of Limitations (CPLR 214, subd. 5) governing actions “ to recover damages for a personal injury ”.
The city on the other hand, maintains that the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 2) applies because the *973 liability was created by statute (General Municipal Law, § 207-c, subd. 6).
Whether the actions are governed by the six-year Statute of Limitations applicable to a liability created by statute or by the three-year Statute of Limitations, applicable to a liability created by negligence, depends upon the essence of the action. (Alyssa Originals v. Finkelstein, 22 A D 2d 701.)
Section 207-c of the General Municipal Law (enacted by L. 1961, ch. 920 and amd. by L. 1963, ch. 280, § 1) reads in part: “ 207-c. Payment of salary, wages, medical and hospital expenses of policemen with injuries or illness incurred in the performance of duties. 1. Any member of a police force of any county, city of less than one million population, town or village, or of any district, agency, board, body or commission thereof, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury or illness. Provided, however, and notwithstanding the foregoing provisions of this section, the municipal health authorities or any physician appointed for the purpose by the municipality, after a determination has first been made that such injury or sickness was incurred during, or resulted from, such performance of duty, may attend any such injured or sick policeman, from time to time, for the purpose of providing medical, surgical or other treatment, or for making inspections and the municipality shall not be liable for salary or wages payable to such policeman, or for the cost of medical treatment or hospital care furnished after such date as such health authorities or physician shall certify that such injured or sick policeman has recovered and is physically able to perform his regular duties. Any injured or sick policeman who shall refuse to accept medical treatment or hospital care or shall refuse to permit medical inspections as herein authorized, including examinations pursuant to subdivision two of this section, shall be deemed to have waived his rights under this section in respect to expenses for medical treatment or hospital care rendered and for salary or wages payable after such refusal.”
Clearly, this section directs that a municipality shall pay the full amount of a policeman’s salary as well as all expenses for medical and hospital care necessitated by reason of such injury. There is no common-law duty or requirement that a municipality *974 pay a police officer’s salary in full as well as Ms medical and hospital expenses resulting from injuries sustained while on duty. Payments made by the city under this section are not voluntary or gratuitous but are mandated by law.
The statute further states: <£ 6. Notwithstanding any provision of law contrary thereto contained herein or elsewhere, a cause of action shall accrue to the municipality for reimbursement in such sum or sums actually paid as salary or wages and or for medical treatment and hospital care as against any third party against whom the policeman shall have a cause of action for the injury sustained or sickness caused by such third party.”
Here the statute created a cause of action for moneys expended by a municipality pursuant to subdivision 1 of said section. This statute grants to the City of Buffalo the right to sue in its own name, and not as a subrogee of the policemen, to recover such sums. Except for this statute, no cause of action would accrue to the municipality for reimbursement of sums actually paid.
It is pointed out that the negligence of the defendant is the crux of the causes of action here and without proof of such negligence there can be no recovery.
This court agrees that proof of negligence is a requisite to recovery as well as proof of payment of the sums alleged in the complaint, but the essence of the right of recovery is statutory.
The test of a liability created by statute is whether the liability is one which did not exist at common law or would not exist but for a statute. (Shepard Co. v. Taylor Pub. Co., 234 N. Y. 465.) This test may be subject to the qualification that the statute pursuant to which the action is brought must be the one which creates the new cause of action.
It is the opinion of this court that the statute herein created a liability within the meaning of subdivision 2 of section 48 of the Civil Practice Act.
A cause of action accrued to the municipality for reimbursement with each payment made to or for the benefit of the policemen, pursuant to statute. (General Municipal Law, § 207-c, subd. 1.)
Therefore any payments made prior to September 1, 1963, the effective date of the CPLR, are governed by the six-year Statute of Limitations and the payments made on or after said date are subject to the new three-year Statute of Limitations (CPLR 214, subd. 2).
Concerning the further contention that the City of Buffalo is also barred by virtue of the general releases executed by the *975 policemen to the defendant, it is clear that the policemen could not release the defendant from causes of action which were not theirs and which, in fact, by statute were exclusively the municipality’s.
The mere fact that the policemen received a settlement from the defendant does not establish that the money so paid included any part of the payments made by the City of Buffalo pursuant to statute.
Accordingly, the motions to dismiss are denied.