■ CITY OF BUFFALO, Respondent, v. MICHAEL D. MAGGIO, Appellant.— Order reversed, with costs, and complaint dismissed, with costs. Memorandum: The plaintiff city seeks reimbursement pursuant to subdivision 6 of section 207-c of the General Municipal Law for medical expenses and wages paid to two of its policemen who were allegedly injured in an automobile collision caused by defendant's negligence. The plaintiff's actions were commenced on June 19, 1964 and the accident occurred on May 11, 1961. The injured policemen commenced their own actions which were settled with the defendant. Defendant moved to dismiss plaintiff's complaint asserting that the three-year-tort Statute of Limitations is properly applicable to plaintiff's cause of action. The plaintiff city contends that subdivision 2 of section 48 of the Civil Practice Act establishes the proper statutory limitation. That section provides: " § 48. Actions to be commenced within six years. * * * 2. An action to recover upon a liability created by statute ". The language of subdivision 6 of section 207-c of the General Municipal Law does not create a new liability for which the tort-feasor is answerable and for which he was not answerable prior to its enactment. It gives certain rights to the municipality to enforce a common-law duty against the tort-feasor but the tort-feasor's duty of reasonable care is not enlarged nor is his liability to respond in damages for breach of that duty broadened. The very language of the statute supports the theory hereby adopted. The section reads as follows: " Notwithstanding any provision of law contrary thereto

contained herein or elsewhere, a cause of action shall accrue to the municipality for reimbursement in such sum or sums actually paid as salary or wages and or for medical treatment and hospital care *as against any third party against whom the policeman shall have a cause of action* for the injury sustained or sickness caused by such third party." (Italics supplied.) The italicized words are important. It is stated that the municipality would have a cause of action if the policemen would have one. Inasmuch as the policemen's cause of action expired after three years, so did the municipality's. Otherwise construed the cause of action could run for an indefinite length of time, something not contemplated in this State's plan of establishing specific time limits. Such an unreasonable construction, contrary to the general statutory policies and standards of the State, should not be adopted in the absence of a definite intent, clearly and unmistakably expressed. The municipality's suit is closely analogous to the carrier's suit in *United States Cas. Co.* v. *North American Brewing Co.* (253 App. Div. 576, affd. 279 N. Y. 762) where the compensation carrier was suing a third-party tort-feasor for medical payments pursuant to subdivision (c) of section 13 of the WORKMEN'S COMPENSATION LAW and the carrier argued that its right to sue was based upon the statute, hence it was suing on a liability created by statute to which the six-year limitation period applied. The court (p. 578) held, the three-year tort statute applied: "The amendment does not establish a new right or create a new liability or supply a remedy which never existed. It merely changes the procedure for the enforcement of a right which always existed but whose enforcement was suspended by virtue of the existing statute, which imposed a duty on the employer to advance the medical expenses but failed to provide a remedy by which he might be reimbursed. (*Laird* v. *Carton,* 196 N. Y. 169; *Deuscher* v. *Cammerano,* 256 id. 328.) In other words, the amendment provides a means by which the common-law liability of the third party, theretofore unenforcible by the employer under the existing statute, may be enforced by him. Hence the three-year Statute of Limitations applies." There being no new liability on the part of the third-party tort-feasor created by subdivision 6 of section 207-c of the General Municipal Law the three-year tort Statute of Limitations must be applied and computed from the date of the accrual of the policemen's cause of action. Accordingly the order of Special Term is reversed and complaint dismissed. All concur, except Goldman and Del Vecchio, JJ., who dissent and vote to affirm, in the following Memorandum: In our opinion subdivision 6 of section 207-c of the General Municipal Law creates a new liability which did not heretofore exist. (Cf. *Shepard Co.* v. *Taylor Pub. Co.,* 234 N. Y. 465; *Bevelander* v. *Town of Islip,* 10 A D 2d 170; *Drinkwater* v. *Dinsmore,* 80 N. Y. 390.) (Appeal from order of Erie Special Term denying defendant's motion to dismiss complaint.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ. [47 Misc 2d 971.]