In the Matter of the Claim of TERRY T. McKAY, Appellant, v TOWN OF WEST SENECA et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 1, 1976

*Harrison & Gruber (John J. Gruber* of counsel), for appellant.

*Brown, Kelly, Turner, Hassett & Leach (Marvin Mason* of counsel), for Town of West Seneca and another, respondents.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

KOREMAN, P. J. The claimant, a police officer in the Town of West Seneca, was injured in an automobile accident on December 10, 1967 while in the course of his duties. He brought a third-party action against the owner and operator of the car involved in the accident, and filed a form C-121 claim for compensation and notice of commencement of third-party action. That action was settled at a pretrial conference for $10,000, the policy limits of the third-party's insurance coverage.

The employer town continued to pay the claimant's full regular salary during the period of his disability, as it was required to do by section 207-c of the General Municipal Law. That statute also imposed a liability on the town for payment of all medical treatment and hospital care required by reason of claimant's injuries. The compensation carrier paid claimant's medical expenses in the amount of $2,825.18, filed a notice that the right to compensation was not controverted, and also filed notices of lien for any compensation or medical expenses incurred by the carrier pursuant to section 29 of the Workmen's Compensation Law.

Following the settlement of the third-party action, claimant commenced an action for a declaratory judgment in Supreme Court, Erie County, on June 15, 1971 to establish his entitlement to the full amount of the $10,000 settlement free of any liens or claims. A stay of all further proceedings in that action was granted pending a determination of all outstanding issues affecting the rights of the compensation carrier before the Workmen's Compensation Board.

The board has determined that the third-party action was settled without the consent of the carrier, and that, therefore, "pursuant to section 29 of the Workmen's Compensation Law no compensation is payable." Claimant filed a notice of appeal from that decision on September 29, 1972. All parties agree that the issues of law presented on this appeal are (1) whether police officers are covered by the Workmen's Compensation Law, (2) whether section 207-c of the General Municipal Law

is the sole and exclusive remedy of the town for the recovery of medical expenses and/or full wages paid police officers, and (3) whether the lien of section 29 of the Workmen's Compensation Law is applicable to police officers. The decision of the board makes clear that it determined that the Workmen's Compensation Law applied to police officers, and that it held by implication that the carrier's lien filed pursuant to section 29 applies to claimant's settlement of the third-party action.

Pursuant to the provisions of section 207-c of the General Municipal Law, a police officer injured in the performance of his duties is entitled to receive his regular wages in full during the period of his disability, and the municipality is also made liable for payment of all expenses for medical treatment and hospital care incurred as a result of his injuries. It does not follow, however, that this protection afforded police officers under that statute indicates that the general provisions of the Workmen's Compensation Law are not applicable to such officers, as claimant argues. The Workmen's Compensation Law (group 19 of subd 1 of § 3) permits an employer such as the town to bring police officers within the coverage of that law, the town chose to have workmen's compensation insurance coverage for them, and clearly, the insurance carrier considered that the claimant was covered under its policy when it filed the "Notice that Right to Compensation is Not Controverted" with the board. Furthermore, subdivision (3) of section 30 of the Workmen's Compensation Law makes specific provision that any wages or the cost of any medical treatment or hospital care paid by a municipality pursuant to section 207-c of the General Municipal Law shall be credited against any award of compensation benefits made to a member of the police force. There can be no question, therefore, that the claimant was covered for workmen's compensation, and was eligible for benefits payable under the Workmen's Compensation Law.

By virtue of the provisions of subdivision 6 of section 207-c of the General Municipal Law a cause of action accrues to the municipality for reimbursement in such sums actually paid as wages to a police officer and/or for his medical treatment and hospital care as against any third party against whom the officer shall have a cause of action for the injury sustained by him. This provision is not inconsistent with the right of a carrier to enforce any lien it may have pursuant to section 29 of the Workmen's Compensation Law. There is no statutory

provision granting a direct cause of action to the carrier such as is granted to the municipality, and a dispute arises as to what proceeds the carrier's lien for medical benefits may be applied.

While an injured police officer is entitled to a continuation of payment of his wages and payment of medical expenses by the municipality, he is not barred from asserting a cause of action against the third party. However, he may not recover in that suit brought "for the injury sustained" the amounts for wages and for medical or hospital treatment as elements of damage if, in fact, he lost no wages nor paid any medical bills *(Szybura v City of Elmira,* 28 AD2d 1154). The manifest intent of section 207-c of the General Municipal Law is to benefit injured police officers, continuing their wages in full and relieving them of the responsibility for medical expenses. By the terms of section 29 of the Workmen's Compensation Law, a carrier is entitled to a lien on the proceeds of any recovery to the extent of total compensation and medical expenses paid by the carrier. Since this claimant's cause of action for the injuries he sustained does not include damages for wages or medical expenses, he having suffered no such damages *(City of Buffalo v Maggio,* 47 Misc 2d 971, 975, revd on other grounds 27 AD2d 635, affd 21 NY2d 1017), it would appear to be clearly inequitable to permit a carrier's lien for medical expenses to be asserted against the amount of the settlement of the cause of action that the claimant has against the third party. If, however, it is established that the police officer received payment in the settlement of the third-party suit for special damages, such as wages lost or medical expenses incurred, which he did not actually suffer due to the fact that payment of his full wages continued and his medical expenses were paid, then those who made such payments (municipality or carrier) to or on behalf of the claimant should be entitled to a lien on the proceeds of the settlement pursuant to section 29 of the Workmen's Compensation Law. Since it is clear in the instant case that the municipality paid the claimant's wages and the carrier paid the medical expenses, it should not be assumed that a recovery for such amounts was included in the settlement of the third-party action. To hold otherwise would impose on the police officer the responsibility for seeking and obtaining payment of medical bills for and on behalf of the carrier.

It appears that the municipality's cause of action against

the third party, pursuant to section 207-c of the General Municipal Law, has not been pursued and is now time-barred. Neither that fact, nor the fact that the carrier is unable to obtain reimbursement for payment of medical expenses should result in the diminution in the amount of the claimant's settlement of his cause of action for the injuries he sustained and for the accompanying pain and suffering.

The decision should be modified by reversing so much thereof as determined that the carrier is entitled to a lien on the claimant's settlement, and, as so modified, affirmed, without costs.

MAHONEY, J. (dissenting). We respectfully dissent. The majority's holding that the compensation carrier does not have a lien (Workmen's Compensation Law, § 29) on the proceeds of the settlement effected between claimant and the third-party defendant, to the extent of moneys paid claimant for his medical expenses, is premised on a completely untenable assumption. Since the appeal is from a decision of the Workmen's Compensation Board, which determined that claimant's third-party action was settled without consent of the carrier and, therefore, no deficiency compensation is payable to claimant, and not from any order of settlement in the third-party action nor from any order, decision or judgment in claimant's declaratory judgment action, which was stayed pending this appeal, the record herein is bereft of the complaint and bill of particulars employed by claimant in his third-party action and of similar pleadings that may have been used in the declaratory judgment action, from which we can ascertain whether claimant did, in fact, plead as special damages the dollar amount of his medical expenses. Certainly, there is no evidentiary rule that would have precluded him from so doing, and for the majority to premise its conclusion on the "assumption" that claimant did not so plead is without support on this record.

As noted by this court in *Szybura v City of Elmira* (28 AD2d 1154), the general rule is that damages cannot be mitigated or reduced because of payments received by the injured party from disability compensation, pension funds, retirement allowance or insurance which is effected by the injured party *(id.* at p 1154 and cases cited therein). However, where similar benefits are provided by insurance which is paid for by the wrongdoer, evidence of such payments is admissible against such a recipient in mitigation *(Coyne v Campbell,* 11 NY2d

372; *Drinkwater v Dinsmore,* 80 NY 390; *Moore v Leggette,* 24 AD2d 891, affd 18 NY2d 864). But where, as here, there is no evidence that the injured party had purchased any kind of insurance that would compensate him for the injury and his action is against a third party, rather than his employer, the law is clear that any collateral source benefits, such as insurance proceeds, disability benefits, pension payments and, certainly, workmen's compensation payments, even if contractually arranged by his employer, could not be used by the tortfeasor to mitigate claimant's damages *(Seidel v Maynard,* 279 App Div 706; 22 Am Jur 2d, Damages, § 209; Ann. 4 ALR3d 535). Since the medical payments to claimant by his employer's compensation carrier could not be used at trial in mitigation of claimant's damages, it is naive to "assume", as did the majority, that had not claimant settled his action for the full amount of the tort-feasor's liability policy and the case had gone to trial, that he would not have used as evidence the full amount of the medical payments made to him by the compensation carrier. Nor would such trial technique "impose on the police officer the responsibility for seeking and obtaining payment of medical bills for and on behalf of the carrier." The carrier needs no such gratuitous action on its behalf; its lien duly filed with the tort-feasor's insurance carrier, its notice to claimant and sections 29, 30 and 31 of the Workmen's Compensation Law afford it all the protection needed.

We need only to determine if legislative enactment of section 207-c of the General Municipal Law, which mandates payment of wages and medical expenses to municipal policemen incapacitated in the line of duty and, further, gives to the municipality a cause of action against the wrongdoer for the benefits paid, alters or changes in any way the normal functioning of the appropriate provisions of the Workmen's Compensation Law that bestows on the carrier that made such payments a statutory lien on the proceeds of any action maintained by the policeman against the tort-feasor. Section 207-c, though mandating that full wages be continued and medical services be provided an injured police officer, does not prevent the municipality from providing workmen's compensation insurance to such employees and in so doing it does not create any antipathy between the two statutes so as to make them mutually exclusive to the extent that benefits payable under section 207-c foreclose payments under workmen's compensation *(Rosinsky v City of Binghamton,* 72 Misc 2d 187).

Subdivision (3) of section 30 of the Workmen's Compensation Law provides that "[i]n case of an award of compensation to a member of a police force * * * any salary or wages paid to, or the *cost of any medical treatment or hospital care provided for, such member under and pursuant to the provisions of section two hundred seven-c of the general municipal law* [emphasis supplied] shall be credited against any award of compensation to such member under this chapter". Clearly, this is uncontestable evidence of compatibility between section 207-c of the General Municipal Law and the Workmen's Compensation Law, and if further such evidence is needed, attention need only be given to subdivision 4 of section 25 of the latter law which provides that if an employer makes advance payments of compensation during a period of employee disability, he shall be entitled to be reimbursed out of unpaid installments of workmen's compensation due such employees.

Section 207-c of the General Municipal Law is remedial in nature, designed to provide continuing wages and full medical costs to policemen injured in the line of duty in those few instances where municipalities elect not to cover their employees with workmen's compensation insurance. It does not foreclose the intermeshing of 207-c benefits with workmen's compensation payments. In fact, a reading of the appropriate provisions of both statutes reveals a legislative scheme, as noted above, to provide immediate benefits via a harmonious plan that provides for crediting immediate municipal benefits against subsequent compensation payments. Having provided such a plan, it cannot be said that the legislative intent was to excise from section 29 of the Workmen's Compensation Law the carrier's lien in those instances where payments were made to policemen covered by section 207-c of the General Municipal Law.

We do not feel that this result conflicts with the authorities relied upon by the majority. Both in *Szybura v City of Elmira (supra)* and *City of Buffalo v Maggio* (47 Misc 2d 971, 975, revd on other grounds 27 AD2d 635, affd 21 NY2d 1017) the municipality had paid to the injured fireman *(Szybura)* and to the policeman *(Maggio) both* wages and medical expenses. Therefore, by operation of section 207-c the exclusive right to recover both payments vested in the municipality and the injured officers could not plead the moneys received as items of special damages in their actions against the wrongdoer. If

they did so plead, the tort-feasor could set up such payments as an affirmative defense in his answer *(Szybura v City of Elmira, supra)*. Herein, however, the Town of West Seneca *did not* pay any of the policeman's medical costs. He was free to plead such costs as items of special damages under the collateral source rule and the compensation carrier that advanced the payment had, by operation of law (Workmen's Compensation Law, § 29), a lien on the settlement proceeds. Neither do we feel that our holding works any hardship or is unfair to any of the parties. The Town of West Seneca, having paid the wages, had an exclusive remedy under section 207-c to recover the same. It had no cause of action for medical expenses, not having advanced any. The injured policeman could have pleaded his medical expenses as items of special damages under the collateral source rule and if he mistakenly did not, the harm was self-inflicted. The carrier having advanced the medical costs is statutorily entitled to be made whole by enforcement of its lien. Indeed, if the majority is correct in holding that a section 29 lien does not attach to proceeds of a tort action by an injured policeman who received compensation payments to defray medical costs, the potential for harm lies in another direction. Herein, if the third-party defendant's liability limits had been greater, the claimant could have pressed his suit using his medical costs as special damages under the collateral source rule, and the resultant verdict, assuming liability, would be immune from the carrier's lien.

We cannot accept the view that two statutes, each legislatively designed to alleviate the trauma of public employee unemployment with attendant medical costs, should be construed as being antagonistic and hostile in their approach to the same problem, particularly when the statutory language of section 207-c is accorded "its natural and most obvious sense, without resorting to an artificial or forced construction" (McKinney's Cons Laws of NY, Book 1, Statutes, § 94; see *Cooper-Snell Co. v State of New York,* 230 NY 249), a harmonious interlocking of section 207-c of the General Municipal Law and section 29 of the Workmen's Compensation Law is possible and salutary.

Lastly, if the majority's view is correct that compensation benefits to injured public safety personnel are nonrecoverable (the carrier, unlike the municipality, having no action and its lien having been found to be inoperative), then a serious issue is raised whether any carrier, with foreknowledge of the consequences, shall participate in underwriting such a plan.

The decision of the Workmen's Compensation Board should be affirmed.

SWEENEY and KANE, JJ., concur with KOREMAN, P. J.; GREENBLOTT and MAHONEY, JJ., dissent and vote to affirm in an opinion by MAHONEY, J.

Decision modified by reversing so much thereof as determined that the carrier is entitled to a lien on the claimant's settlement, and, as so modified, affirmed, without costs.