In the Matter of GEORGE GRANGER, Respondent, v FRED A. URDA, as Clerk of the Supreme Court of Chenango County, Respondent, and UNIGARD JAMESTOWN MUTUAL INSURANCE Co., Appellant.

Third Department, November 24, 1976

*Hinman, Howard & Katell (Peter J. Vivona* of counsel), for appellant.

*Peter J. McBride* for George Granger, respondent.

LARKIN, J. Petitioner George Granger sustained personal injuries in a work-related accident on March 25, 1974 involving a motor vehicle owned by one Thomas Tripple and operated by one Garland Jacobs. He received from the appellant Unigard Jamestown Mutual Insurance Co. (Unigard) the employer's workmen's compensation carrier, workmen's compensation payments in the sum of $7,832.72 and medical payments in the sum of $1,090.84, for a total of $8,923.56. Petitioner Granger, in an action authorized by subdivision 1 of section 29 of the Workmen's Compensation Law, recovered a judgment, upon a jury verdict, for money damages in a negligence action against the third parties Tripple and Jacobs.

The Trial Judge deducted from the jury verdict of $52,759.52 the sums of $10,010 for lost wages, $10,608.31 for future wages lost until three years after the date of the accident and $1,003.98 for medical services, these sums, totaling $21,622.29, representing "basic economic loss" (Insurance Law, § 671, subd 1) for which petitioner could not recover because of the prohibition contained in section 673 of the Insurance Law. The judgment in the sum of $31,137.23 entered on behalf of petitioner was thus comprised solely of damages for pain and suffering and lost earnings commencing three years after the date of the accident. The defendants Tripple and Jacobs paid petitioner all but the sum of $8,923.56 upon which the appellant Unigard claimed a lien under subdivision 1 of section 29 of the Workmen's Compensation Law. This sum was deposited with respondent Fred A. Urda, Clerk of the Supreme Court of the County of Chenango, pursuant to CPLR 5239, because defendants could not determine the proper person to whom payment should be made.

This appeal is from a judgment, in a proceeding brought by petitioner pursuant to CPLR 5239, that Unigard did not have a lien on the sum in question because "the advances made by [appellant], Unigard * * * were not recovered by the petitioner in the judgment against the defendants".

The issue before this court is whether an insurance carrier which has made payments to a claimant for workmen's compensation and medical expenses under the Workmen's Compensation Law has a lien pursuant to subdivision 1 of section 29 of the Workmen's Compensation Law against the proceeds of a judgment obtained by the claimant against third parties on a cause of action under article XVIII of the Insurance Law when that judgment does not include a recovery for "basic economic loss" as defined in section 671 of the Insurance Law.

Subdivision 1 of section 29 of the Workmen's Compensation Law provides, insofar as is relevant herein: "[T]he state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of *any recovery* from * * * [a third party] * * * to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it" (emphasis supplied). By the plain terms of this statute, the carrier's lien attaches to "any recovery" achieved by a claimant, whether it be for compensation for lost wages and medical expenses or, as in the instant case, for pain and suffering and lost earnings commencing three years after the date of the accident.

The effect of allowing appellant Unigard to recover the $8,923.56 in dispute from the proceeds of the petitioner's judgment should now be examined. The jury awarded him $52,759.52 for all the damages he incurred as the result of the accident and, presumably, regarded this sum as the amount necessary to make him whole. There would, however, be a different result if the appellant were allowed to enforce a lien under subdivision 1 of section 29 of the Workmen's Compensation Law. Crucial to this case is the fact that the petitioner would not receive in "first party benefits" under article XVIII of the Insurance Law from his own insurance carrier an amount equal to the "basic economic loss" by which the trial court reduced the judgment herein. The reason for this is subdivision 2 of section 671 of the Insurance Law, which

provides: " 'First party benefits' means payments to reimburse a person for basic economic loss on account of personal injury out of the use or operation of a motor vehicle in this state, less * * * (b) amounts recovered or recoverable on account of such injury under state or federal laws providing social security disability benefits, or workmen's compensation benefits". Imposition of the appellant Unigard's lien would result in petitioner receiving $8,923.56 less than the sum which the jury determined would make petitioner whole.

The net effect of section 29 of the Workmen's Compensation Law and subdivision 2 of section 671 of the Insurance Law, as presently enacted, is, therefore, that after having received workmen's compensation benefits, an injured party is subject to losing that same sum of money or the right thereto twice, once as a consequence of the carrier's lien "upon the proceeds of any recovery" under section 29 and then a second time because of the limitations imposed upon "first party benefits" under section 671. "The Legislature is not lightly to be charged with enacting a statute which will operate harshly or unjustly; and, if a statute apparently has such effect, some other construction is to be sought if possible" (McKinney's Cons Laws of NY, Statutes, § 146). We believe that, in view of the unfairness which would result from depriving the petitioner of the opportunity to be made whole, as determined by the jury in the third-party negligence action, that subdivision 1 of section 29 of the Workmen's Compensation Law should be construed so as to deny *in toto* the carrier's lien against the judgment herein because it does not include recovery for any damages for which appellant reimbursed petitioner.

This court recently held in *Matter of McKay v Town of West Seneca* (51 AD2d 373), that a carrier's lien did not attach to a recovery from a third-party action when such recovery did not include damages for lost wages or medical expenses. The claimant, a police officer employed by the Town of West Seneca, was injured in an automobile accident while on duty. The employer-town paid his full salary during the period of disability and his medical expenses were paid by the town's compensation carrier, as required by statute (General Municipal Law, § 207-c). In an action by claimant for a declaratory judgment to establish his right to the full amount of a $10,000 settlement in an action against a third party, this court held that because the claimant could not recover damages for lost

wages or medical or hospital treatment in the action against the third party, no such damages having been sustained (citing *Szybura v City of Elmira,* 28 AD2d 1154), "it would appear to be clearly inequitable to permit a carrier's lien [under Workmen's Compensation Law, § 29] for medical expenses to be asserted against the amount of the settlement of the cause of action that the claimant has against the third party" *(McKay v Town of West Seneca, supra,* p 376). The petitioner herein having been allowed no recovery in the action against the third parties for medical expenses or lost wages (up to three years from the date of the injury), it would be similarly inequitable to allow the appellant carrier to have a lien on the proceeds of his judgment.

We are mindful that in passing section 29 of the Workmen's Compensation Law the Legislature intended to establish a method whereby an employer or workmen's compensation carrier which has provided compensation and medical benefits to an injured employee could secure reimbursement for such payments from the proceeds of any recovery against a third-party tort-feasor. We recognize the possible dangers, in terms of both future compensation rates and coverage, of denying such recovery in the instant case.

Although we have concluded that as between the petitioner and the appellant the equities weigh on the side of the former, a strong argument can be made that as between the compensation carrier and the carrier for the defendant third party, the loss should be borne by the latter. This result is, however, barred by the prohibition contained in subdivision 1 of section 673 of the Insurance Law against recovery in an action against such third party for noneconomic loss or for basic economic loss, including sums for which a person has been reimbursed under the Workmen's Compensation Law. If such sums were recoverable, there would be no question as to the right of a compensation carrier to a section 29 lien to the extent of any recovery therefor. This is a question which can only be resolved by the Legislature.

The judgment should be affirmed, with costs.

GREENBLOTT, J. P. (dissenting). I dissent. Once again the majority has read into section 29 of the Workmen's Compensation Law an unwarranted limitation on the lien given to a compensation carrier against "any recovery" in a third-party action. Joining with Mr. Justice MAHONEY in dissent in *Matter of McKay v Town of West Seneca* (51 AD2d 373, 377), I

rejected such a view, and I reject it here again. In my judgment, the provisions of section 29 are absolute. The purpose of the Workmen's Compensation Law is to guarantee certain benefits to an employee injured in the course of his employment, subject to reduction to the extent of recovery from another source. Here, the petitioner has obtained such a recovery, but the majority takes the position that since the equities resulting from the applicability of the no-fault insurance law weigh in petitioner's favor, the appellant as compensation carrier must bear the burden of the loss.

I do not disagree with the majority's view of the equities, but in my judgment the result is based upon incorrect assumptions as to the inviolability of the no-fault carrier's entitlement to a setoff of compensation benefits. Paragraph (b) of subdivision 2 of section 671 of the Insurance Law defines "First party benefits" as excluding "amounts recovered or recoverable * * * under * * * laws providing * * * workmen's compensation benefits". The effect of section 29 in this situation, if properly applied, is that there are in practice no compensation benefits "recovered or recoverable", since that statute gives to the compensation carrier a full refund of all payments made. The fact that petitioner's no-fault carrier has already apparently reduced payments to the petitioner by the amount of the compensation award should not be accepted as a *fait accompli* which precludes the compensation carrier from exercising its statutory rights. In my judgment, it is the no-fault carrier which should suffer the loss, and petitioner should be required to proceed against the no-fault carrier to enforce his rights against it. Only where there is no third-party recovery, and therefore no fund as contemplated under section 29 against which the compensation carrier's lien exists, should the no-fault carrier be entitled to set-off compensation benefits under section 671 of the Insurance Law. I, therefore, vote to reverse.

HERLIHY, J. (dissenting). I agree with Justice GREENBLOTT to the extent that pursuant to section 29 of the Workmen's Compensation Law the lien of the compensation carrier attaches to any part of the recovery remaining after the payment of certain expenditures incurred in prosecuting the action.

*Matter of McKay v Town of West Seneca* (51 AD2d 373) is not controlling. That case involved a situation where the claimant-petitioner as a matter of statutes and law had no

right to recover those items which are not actually paid to an employee as a matter of workmen's compensation rights.

The petitioner herein is not asserting a right in his own behalf in proving lost wages and/or medical expenses. The workmen's compensation carrier represented the employer and made mandatory payments pursuant to statute. It had no alternative.

Section 673 of the Insurance Law prohibits the recovery of such items "in any action by or on behalf of a *covered person" (petitioner)* (emphasis supplied). Subdivision 1 of section 29 of the Workmen's Compensation Law directs that any recovery "shall be deemed for the benefit of such * * * *carrier"* (emphasis supplied). As a matter of law the statutory prohibition in section 673 of the Insurance Law should not be applied to actions brought by a recipient of workmen's compensation benefits, to the extent of a workmen's compensation lien on any recovery. In the present instance the amount of the lien will be paid out of an award for pain and suffering as adjusted by the trial court.

The error in this case is in regard to the judgment entered in the action against Thomas Tripple and Garland Jacobs and any relief the petitioner might seek will have to be in regard thereto and not against a no-fault insurance carrier.

I would reverse.

KANE and MAIN, JJ., concur with LARKIN, J.; GREENBLOTT, J. P., and HERLIHY, J., dissent and vote to reverse in separate opinions.

Judgment affirmed, with costs.