Edward M. O’Gorman, J.
Petitioner sustained personal injuries in a work-related accident involving two motor vehicles. As a result of injuries suffered in this accident, he has received and is receiving workmen’s compensation benefits from the respondent, the total of which is now in excess of $40,000. Petitioner now seeks to settle his cause of action against the driver of the second vehicle for the injuries sustained in said accident for the sum of $10,000. The respondents assert a lien on the proceeds of any such settlement pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law. Petitioner seeks the court’s approval of the proposed settlement.
Respondents challenge the court’s jurisdiction to authorize the compromise of this action. Subdivision 5 of section 29 of the Workmen’s Compensation Law provides that an action may be settled by a Justice of the court in which the action is pending. While no action has been commenced in this case, the court has acquired jurisdiction of the parties on this application, and is such a court in which an action based on the said accident could have been initiated. In the court’s opinion, it is not barred from approving this settlement by the technical reason that a summons has not first been served on respondents by petitioner.
The court’s first inquiry will be to determine the extent to *855 which a workmen’s compensation lien may attach to the proceeds of the settlement of an action to recover damages for personal injuries. By the terms of section 673 of the Insurance Law, the petitioner herein may not recover in an action for damages against the third party involved in the accident those sums which are defined in said Insurance Law section as basic economic loss. The statutory limit of this bar is $50,000. He may maintain an action for economic loss in excess of this limit. It has recently been held by the Appellate Division, Third Department, that a workmen’s compensation lien does not attach to the proceeds of a judgment when that judgment does not include basic economic loss as defined by section 671 of the Insurance Law (Matter of Granger, 54 AD2d 377). The reason given by the court is the inability of the plaintiff to sue for such loss in the first place. To have allowed the lien to attach to the proceeds of the judgment in Granger (supra) would have resulted in depriving the plaintiff of damages to which he was entitled by law because he had previously been paid other damages to which he was also entitled by law.
The principle of the Granger case should logically extend to the settlement of an action. In making a monetary offer to settle an action, it must be presumed that an insurer has not offered to pay elements of basic economic loss to recover which its insured could not have been sued in the first place.
However, future situations other than that presented in Matter of Granger (supra), can and will arise. It would seem clear that, absent questions of basic economic loss, a workmen’s compensation lien will attach to the proceeds of a settlement even though there are included in those proceeds damages for pain and suffering and other similar elements (see Matter of Travaglione, 36 Misc 2d 645; Lamonte v Shapiro, 44 Misc 2d 643).
Further, it is readily apparent that in many cases the workmen’s compensation benefits paid to a plaintiff in an action will exceed the sum of $50,000, which is the statutory limit of basic economic loss under the Insurance Law. It is clear in this situation that the plaintiff would have the right to sue for and recover for elements of basic economic loss in excess of the sum of $50,000, and, upon the principles set forth in the Granger case (supra) it would seem equally clear that the workmen’s compensation carrier should have a lien upon the proceeds of that action to the extent that the plaintiff could sue for and recover damages for basic economic *856 loss in excess of the statutory limit imposed by the Insurance Law.
Simply stated, reading sections 671 and 673 of the Insurance Law. and section 29 of the Workmen’s Compensation Law together, it can be said that a workmen’s compensation lien, to the extent that it exceeds the sum of $50,000 of basic economic loss, may attach to the proceeds of any settlement for damages for the injuries received by the recipient of the compensation benefits, to the extent of such excess.
The amount expended in this case in workmen’s compensation benefits, the court is informed, is already in excess of $60,000 as of March 1, 1977, and it is estimated that future compensation benefits payable to petitioner may eventually reach a total of $200,000. In view of the conclusion that respondent may assert a lien for workmen’s compensation benefits paid in excess of basic economic loss as defined in the Insurance Law, the question of the advisability of the proposed settlement in the amount of $10,000 must now be considered. The respondent has refused to consent to the proposed settlement, and there has been no showing on the part of the petitioner as to the capacity of the third party to respond in damages to petitioner in an amount in excess of his limited insurance coverage which has been offered in settlement.
When the compensation carrier is the only party who can suffer if the trial of the action should result in less than the compromised amount, the court should consider allowing the matter to be disposed of at a trial (Matter of Brych, 33 AD2d 632). In the absence of the consent of the respondent and of proof concerning the financial status of the prospective defendant, the court will not approve this settlement at this time.