CHARLES CEDERMAN, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant.—Order unanimously affirmed, with costs. Memorandum: Defendant appeals from an order which granted plaintiff's motion to vacate a notice of workmen's compensation lien filed by defendant against the proceeds of a personal injury claim asserted by plaintiff for his pain and suffering in an action against a third-party defendant. The workmen's compensation lien was filed in plaintiff's action against the owner-operator of another vehicle involved in the collision in which plaintiff was injured and for which injuries defendant Liberty Mutual Insurance Company paid workmen's compensation benefits to plaintiff. Plaintiff was injured while operating his own vehicle but while in the course of employment with Gold Seal Vineyards which carried workmen's compensation insurance with defendant Liberty Mutual Insurance Company. It is plaintiff's position on this appeal that his action against the tort-feasor is authorized by subdivision 1 of section 673 of the Insurance Law, and that with respect to a suit by a covered person against a covered person (Insurance Law, § 671, subd 10) where there is serious injury (§ 671, subd 4), the injured party may recover noneconomic loss exclusive of basic economic loss (Insurance Law, § 671, subd 1). Subdivision 1 of section 673 of the Insurance Law specifically prohibits the recovery of first party benefits consisting of basic economic loss, defined by subdivisions 1 and 2 of section 671 in a suit by a covered person against a covered person. The issue of the validity of a compensation lien was reached and determined adversely to the compensation carrier in *Matter of Granger v Urda* (54 AD2d 377) (see, also, *Wekofsky v Hartford Ins. Co.*, 88 Misc 2d 688). The court in *Matter of Granger* took note of the language of subdivision 1 of section 29 of the Workmen's Compensation Law which does grant a lien against any third party recovery. However, the majority reasoned that with respect to a permissible action under article 18

of the Insurance Law between covered persons, a limitation was placed upon subdivision 1 of section 29 of the Workmen's Compensation Law by reason of the prohibition in subdivision 1 of section 673 of any recovery against a covered person of items consisting of basic economic loss. With respect to such a covered person versus covered person lawsuit, if in such a suit basic economic loss may not be recovered by the injured person, then a lien for such items asserted by the workmen's compensation carrier in the action is logically repugnant to article XVIII of the Insurance Law. The lien granted by subdivision 1 of section 29 of the Workmen's Compensation Law has application to the tort liability of the nonemployer, third party to the injured employee who obtains workmen's compensation payments. This tort liability modified by article XVIII of the Insurance Law which excluded any payment for basic economic loss within the context of the court action between a covered person and a covered person, is the legal liability to which subdivision 1 of section 29 is applicable. To the extent that workmen's compensation payments are directly deducted from the no-fault carrier's obligation to pay its injured insured first party benefits for basic economic loss, such payments should not be permitted as a lien in litigation between covered persons for noneconomic loss. Any other result would require the injured covered person to pay out of his permanent injury and pain and suffering recovery his own first party benefits which presumably he has paid for in the first instance by virtue of the insurance premium *Matter of Granger v Urda, supra).* (Appeal from order of Erie Supreme Court—vacate workmen's compensation lien.) Present—Marsh, P. J., Moule, Dillon and Goldman, JJ.