OPINION OF THE COURT
Cooke, J.
The narrow issue presented here is whether a workmen’s compensation carrier, which has made payments for compensation and medical expenses to a claimant injured during the course of his employment, may assert a lien pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law against the proceeds of a judgment obtained by the claimant against a third-party tort-feasor pursuant to article 18 of the Insurance Law (no-fault). We hold that it may.
The facts are undisputed. Petitioner George Granger, an employee of Queens Farms Dairy, sustained personal injuries in a work-related accident when struck by a motor vehicle owned by third-party Thomas Tripple and operated by third-party Garland Jacobs. Upon making a claim for workmen’s compensation benefits and medical expenses pursuant to the regulations of the New York State Workmen’s Compensation Board, Granger received from appellant Unigard Jamestown Mutual Insurance Co. (Unigard), the compensation carrier of Queens Farms Dairy, a total of $8,923.56, representing compensation payments of $7,832.72 and medical payments of $1,090.84.
Thereafter, in an action authorized by subdivision 1 of section 29 of the Workmen’s Compensation Law, Granger recovered a judgment for money damages based upon the negligence of third parties Tripple and Jacobs. From the jury verdict in the amount of $52,759.52, the trial court properly deducted $10,010 for lost wages, $10,608.31 for future wages lost until three years after the date of the accident and $1,003.98 for medical services. These sums, totaling $21,622.29, represented petitioner’s "Basic economic loss” (Insurance Law, § 671, subd 1), which Granger could not recover from the third parties due to the prohibition contained in subdivision 1 of section 673 of the Insurance Law.
After entry of judgment for $31,137.23, Tripple and Jacobs paid petitioner all but $8,923.56, upon which Unigard had asserted a lien pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law. This latter sum, representing the total benefits paid by Unigard to petitioner was deposited *96 with respondent Urda, Clerk of the Supreme Court, Chenango County, pursuant to CPLR 5239, inasmuch as Tripple and Jacobs could not determine the proper person to whom payment should be made. In a proceeding brought by petitioner to establish his right to said money held by respondent Urda, both Special Term and the majority in the Appellate Division (54 AD2d 377), granted judgment to petitioner, reasoning that the benefits paid by Unigard under the Workmen’s Compensation Law were not recovered by Granger in his third-party action against Tripple and Jacobs. Implicit in the determinations of those courts was a finding that a compensation carrier has no lien pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law in an instance in which the compensation claimant recovers a third-party judgment brought pursuant to the no-fault automobile accident compensation law (Insurance Law, aft 18).
The courts below failed to appreciate the inviolability of the lien given to a workmen’s compensation carrier against any recovery by a compensation claimant in a third-party action. In essence, subdivision 1 of section 29 of the Workmen’s Compensation Law provides that if the claimant elects to pursue his common-law remedies against a third-party tortfeasor for damages on account of an injury for which workmen’s compensation benefits were paid, the compensation carrier shall have a lien on the proceeds of any recovery by the claimant to the extent of compensation and medical expenses awarded.[1] While the payments of a compensation carrier are not normally advances to a claimant for which repayment is contemplated, where a third-party tort-feasor is involved, different considerations are evident. In such an instance, section 29 provides that compensation and medical payments may be recouped by the compensation carrier *97 "whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits” (Matter of Petterson v Daystrom Corp., 17 NY2d 32, 39; see, also, Matter of Ryan v General Elec. Co., 26 NY2d 6, 9; Calhoun v West End Brewing Co., 269 App Div 398, 400).
Since its establishment in the early part of this century, workmen’s compensation has been envisioned by the Legislature as a system whereby employees sustaining accidental injuries arising out of and in the course of their employment might be compensated for their injuries regardless of fault (see Workmen’s Compensation Law, § 2, subd 7; § 10). It was also recognized, however, that although funded primarily by means of employer contributions, measures had to be taken which would ensure that the cost of providing this protection to injured employees did not escalate to the point of economic impracticality (see 1 Larson, Workmen’s Compensation Law, § 2.70, pp 13-14). That this cost factor is of manifest concern to the Legislature is evinced by section 18 of article I of the Constitution of the State which provides that compensation payments "shall be held to be a proper charge in the cost of operating the business of the employer.” Moreover, in realizing that a workable system of compensation could not totally redress an injured employee’s injuries and remain a financially viable institution at the same time, a decision was reached whereby a limitation was placed on the amount of benefits recoverable by a compensation claimant (see Workmen’s Compensation Law, §§ 12, 15, subd 2).
Viewed in this light, the intent behind the enactment of section 29 of the Workmen’s Compensation Law (L 1937, ch 684, as amd) is obvious. Where a compensation claimant is injured due to the fault of one not a fellow employee, the Legislature has provided a means whereby the claimant may recover damages to compensate him for the full extent of his injuries, a remedy not otherwise available within the compensation system, by permitting him to prosecute a third-party action against the party actually responsible for those injuries (see Koutrakos v Long Is. Coll. Hosp., 47 AD2d 500, 505, affd 39 NY2d 1026). At the same time, the statute cushions the inflationary impact of the cost of compensation insurance and avoids double recovery by the claimant for the same predicate injury by permitting the compensation carrier to recoup its compensation and medical payments from the third-party tortfeasor by means of its section 29 lien on the claimant’s *98 recovery in the third-party action[2] (see Matter of Curtin v City of New York, 287 NY 338, 340; Becker v Huss Co., 43 NY2d 527).
However, events not foreseen at the time section 29 was enacted in 1937, have injected an air of uncertainty into an otherwise smoothly operating procedure. When the no-fault provisions were added to the Insurance Law (L 1973, ch 13), the then existing system, "a system which costs too much, takes too long to pay off and delivers too little protection— [was] cast aside. In its stead [there now exists] a new insurance reparations system which — assures that every auto accident victim will be compensated for substantially all of his economic loss, promptly and without regard to fault; — will eliminate the vast majority of auto accident negligence suits, thereby freeing our courts for more important tasks” (Governor’s Memorandum of Approval, 1973 NY Legis Ann 298; see, generally, Montgomery v Daniels, 38 NY2d 41).
Broadly stated, no-fault provides for different treatment of economic and noneconomic loss, thereby distinguishing between the types of damages recoverable by an injured employee involved in an automobile accident with a negligent third party. Previously, the injured employee was entitled to maintain a third-party action and recover a judgment for the full extent of his injuries, upon which the section 29 lien would attach. With the advent of no-fault, the statute provides that the injured employee is now entitled to his basic economic loss from his no-fault carrier, less "amounts recovered or recoverable on account of such injury under state or federal laws providing * * * workmen’s compensation benefits” (Insurance Law, § 671, subd 2, par [b]). Where the injured employee previously could institute an action against a negligent *99 third-party driver, under the statute he may now do so only if his damages exceed the no-fault threshold; but in such third-party action, the injured employee has "no right of recovery * * * for basic economic loss” (Insurance Law, § 673).
The instant case, then, poses a problem apparently not contemplated by the Legislature. In enacting the no-fault law, the Legislature chose not to alter the absolute nature of the section 29 lien in favor of a compensation carrier which attaches to the "proceeds of any recovery” in favor of a compensation claimant against a third party. At the same time, it also authorized the no-fault insurer to deduct from those benefits payable to an injured employee on account of his basic economic loss any amounts recovered or recoverable as workmen’s compensation benefits. Thus, if both statutes are read literally a harsh, unintended result obtains. The no-fault scheme provides that the no-fault carrier need not pay its insured first-party benefits to the extent that a workmen’s compensation award is recovered or recoverable, while section 29 of the Workmen’s Compensation Law, by failing to limit the applicability of the compensation carrier’s lien on any recovery by a compensation claimant in a third-party action, results in converting the injured employee into a self-insurer for at least a portion of his basic economic loss (see Grello v Gaszykowski, 58 AD2d 412, 428 [concurring opn of Shapiro, J.]). Manifestly, corrective legislative action is advisable, if not imperative.
In dissent, Justice Herlihy (54 AD2d 377, 382-383) was of the opinion that although section 673 of the Insurance Law on its face prohibits the recovery of basic economic loss in a third-party action, the provisions of this statute should not be construed to prohibit recovery where a portion thereof is for the benefit of the compensation carrier under section 29 of the Workmen’s Compensation Law. Justice Greenblott in his dissent (54 AD2d 377, 381-382) concludes that "it is the no-fault carrier which should suffer the loss, and petitioner should be required to proceed against the no-fault carrier to enforce his rights against it.” This conclusion is reasoned from the holding that the compensation benefits received by petitioner are not amounts "recovered or recoverable” within the meaning of section 671 (subd 2, par [b]) of the Insurance Law and due to the entitlement of the workmen’s compensation carrier to recoup such benefits pursuant to subdivision 1 of section 29 of the Workmen’s Compensation Law. However, *100 since petitioner’s no-fault carrier and the third-party no-fault carrier are not parties to this proceeding, we refrain from comment or adjudication of such rights against them as may be asserted by those who are parties to this proceeding — the petitioner and the workmen’s compensation insurance carrier. Likewise, we abstain from determining the right, if any, of a no-fault carrier of an injured employee, upon payment of full first-party benefits, to seek recoupment for such payments from a third-party’s insurer, pursuant to the loss transfer provisions of section 674 of the Insurance Law. In each of these areas, among possibly other things, there has not been furnished for consideration necessary factual bases, such as compliance with required time limitations and procedures, nor has there been provided to all involved an opportunity to contest.
Accordingly, the order of the Appellate Division should be reversed, without costs, and judgment should be granted in favor of appellant.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, etc.

. The statute provides, in relevant part: "If any employee entitled to compensation under this chapter be injured * * * by negligence or wrong of another not in the same employ, such injured employee * * * need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation * * * and at any time * * * pursue his remedy against such other subject to the provisions of this chapter * * * In such case, the * * * insurance carrier liable for the payment of such compensation * * * shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise * * * to the extent of the total amount of compensation awarded or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such * * * carrier” (emphasis added).

. Parenthetically, it is interesting to note how closely the workmen’s compensation scheme parallels the recovery provisions of the no-fault automobile insurance law (Insurance Law, art 18). In both instances, the insured’s initial loss is reimbursed by the compensation carrier or no-fault insurer irrespective of fault (compare Workmen’s Compensation Law, art 2, with Insurance Law, §§ 671-672). Both statutes permit third-party actions in certain circumstances. More importantly, once culpability is established both the compensation carrier and the no-fault insurer are entitled to recoupment from the party ultimately adjudged responsible for causing the injuries: the compensation carrier by means of its section 29 lien; the no-fault insurer by means of the loss transfer procedures contained in section 674 of the Insurance Law. Thus, similar to the pattern of section 29 of the Workmen’s Compensation Law, subdivision 2 of section 673 of the Insurance Law provides that a no-fault insurer which has paid its insured first-party benefits "shall have a lien against any recovery to the extent of [basic economic loss] payable by it to the [insured].”