■ RICHARD F. AMIDON, Respondent, v FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Defendant, and MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.—Order unanimously affirmed, with costs. Memorandum: Merchants Mutual Insurance Company (Merchants) appeals from an order insofar as it grants plaintiff's cross motion for summary judgment against it for first-party no-fault insurance benefits. In 1974 plaintiff was a policeman in the employ of the City of Syracuse, and on April 30 he was operating a city police motorcycle when it was struck by a vehicle owned and operated by one Hammond, insured by Merchants. Plaintiff was seriously injured and his medical expenses and lost earnings totaled over $42,000. It appears that the City of Syracuse has paid to and for plaintiff his medical expenses and moneys in lieu of lost earnings, under section 207-c of

the General Municipal Law. Plaintiff claimed no-fault insurance first-party benefits against Merchants, as the insurer of the vehicle which struck him. Special Term properly sustained plaintiff's right, as operator of the motorcycle, to obtain first-party benefits (see *Perkins v Merchants Mut. Ins. Co.,* 41 NY2d 394, 396). Defendant contends, however, that because of the payments for medical expenses and lost earnings which plaintiff has received from the City of Syracuse under section 207-c of the General Municipal Law, he has suffered no loss for which first-party benefits are payable, and, moreover, that even if it be held that plaintiff suffered medical expenses and loss of earnings, they are expressly excluded from the term "first party benefits" under section 671 (subd 2, par [b]) of the Insurance Law, and so he may not recover them. That section in 1974 provided that " 'First party benefits' means * * * basic economic loss * * * *less* * * * (b) amounts recovered or recoverable on account of such injury under state or federal laws providing social security disability benefits, or workmen's compensation benefits" (emphasis added). Merchants equate benefits received by plaintiff under section 207-c of the General Municipal Law to workers' compensation benefits, and urges that, therefore, such benefits must be deducted from the basic economic loss to which plaintiff is entitled. In view of the intent of the Legislature to eliminate or at least reduce double recoveries in personal injury actions (see *Young v Toia,* 66 AD2d 377; and statement of legislative intent on amendment of § 671 of the Insurance Law, 1977 McKinney's Session Laws of NY, p 2448), there is considerable force to Merchants' argument. If the City of Syracuse were a party to this action and were objecting to plaintiff claiming such first-party benefits, they might well be denied to plaintiff (see *Matter of McKay v Town of West Seneca,* 41 NY2d 931, revg on dissenting opn 51 AD2d 373, 377, 380). Here, however, the City of Syracuse, which paid the section 207-c benefits to plaintiff, is not a party and indeed it seems to approve of plaintiff's action because it has filed a lien against any recovery that plaintiff shall obtain in this action (see General Municipal Law, § 207-c, subd 6), to recoup the expenditures which it made to and for plaintiff (see *Matter of McKay v Town of West Seneca, supra).* In its 1977 amendment of section 671 (subd 2, par [b]) of the Insurance Law the Legislature did not choose to include in the itemization of payments to be excluded from basic economic loss the benefits paid under section 207-c of the General Municipal Law. By its omission the Legislature has left the employee with the right to recover his basic economic loss from the third party who caused his injury. Thus, whether or not the employee has received benefits from his employer under section 207-c of the General Municipal Law, he can require the third party to pay his basic economic loss. The third party or its insurer (Merchants in this case) need not be concerned for its liability to the municipality under subdivision 6 of section 207-c, for if it wishes it can join the municipality as a party and have the rights of the employee vis-à-vis the municipality adjudicated. Since the City of Syracuse has undertaken to file a lien against any recovery that plaintiff may obtain in this action, it appears that the city is satisfied that its rights will be protected. Accordingly we conclude that the third party should not escape its responsibility in this situation because of the provisions of section 207-c of the General Municipal Law (see *Matter of Granger v Urda,* 54 AD2d 377, 381 [dissent by Mr. Justice Greenblott], revd on other grounds 44 NY2d 91; *Matter of McKay v Town os West Seneca, supra).* Plaintiff will not receive double benefits unless the municipality is indifferent thereto; and Merchants may not avoid liability upon the pretext of double recovery. Merchants also argues that because no-fault insurance medical costs benefits

are limited under the statute to amounts permissible under workers' compensation (Insurance Law, § 678, added by L 1977, ch 892, § 15), plaintiff must be limited in its recovery in any event to amounts authorized under worker's compensation. Merchants did not raise this issue at Special Term but raised it for the first time on this appeal. Since Special Term was not asked to rule and did not rule on this argument, it is not properly before us, and we do not reach it. Finally, we reject Merchants assertion that there are questions of fact for determination and so summary judgment was improperly granted. Plaintiff was injured on April 30, 1974 and alleges that he furnished to Merchants proofs of injuries and losses sustained. This action was begun three years later and the motion for summary judgment was made in early 1978. At no time did Merchants challenge the veracity of the claims for injuries and losses; it merely denied liability therefor. Under such circumstances, it cannot now be heard to ask for a hearing on the facts. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.