■ In the Matter of the Claim of JOSEPH REBELLO, Appellant, v HUBBELL HIGHWAY SIGNS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed December 28, 1979. Claimant sustained compensable work-related injuries in a 1974 motor vehicle accident. His ensuing third-party action was settled in January of 1977 by a stipulation which specifically excluded items of medical expense or loss of earnings from consideration and provided for a net payment to claimant in the sum of $20,000 representing his noneconomic losses. Claimant thereafter moved to vacate the lien of the workers' compensation carrier and Special Term granted the motion on September 21, 1977. It concluded the carrier was not entitled to a lien against the proceeds of a third-party action that represented noneconomic loss, relying in part on this court's decision in *Matter of Granger v Urda* (54 AD2d 377). The carrier appealed to the Appellate Division, Fourth Department, but following reversal of the *Granger* decision by the Court of Appeals on March 28, 1978 (44 NY2d 91) and after the liability carrier for the third-party tort-feasor paid the existing lien, it abandoned that appeal as moot. Although claimant continued to incur medical bills after the settlement of the third-party action, the compensation carrier refused payment of these additional expenses until the proceeds of the settlement were consumed. This precipitated a reopening of the compensation case and resulted in the instant determination by the Workers' Compensation Board holding that the carrier does not have to pay claimant's medical bills until the settlement proceeds are exhausted, following the reasoning in *Matter of Granger v Urda (supra)* and *Grello v Daszykowski* (44 NY2d 894). On this appeal, claimant asserts that the board should be bound by the prior decision made at Special Term under principles of *res judicata,* and that the carrier should be responsible for subsequent medical expenses as a matter of public policy. We reject both contentions and affirm the board. The issues before Special Term and the board, while originating from claimant's accident, were different. The validity of the carrier's lien on a settlement was before Special Term, and that matter was resolved. No consideration was given to the question of payment for future medical bills, which was the precise issue the board faced, so that the previous discharge of the lien cannot

be construed as an agreement on the part of the carrier to pay future medical expenses (see *Matter of Dimaggio v International Chimney Corp., 285* App Div 226). Thus, the doctrine of *res judicata* does not apply (see *Matter of Reilly v Reid,* 45 NY2d 24) and the compensation carrier is not liable for medical expenses incurred by a claimant, after the disposition of the third-party action, until the proceeds of that settlement are exhausted and there is a deficiency (Workers' Compensation Law, § 29, subd 4). Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.