■ CITY OF SYRACUSE, Respondent, v MARISSA L. WILLIAMS et al., Appellants. [846 NYS2d 526]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered June 16, 2006. The order denied defendants' motion for summary judgment dismissing the complaint and granted plaintiff's cross motion to dismiss two affirmative defenses.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action pursuant to General Municipal Law § 207-c (6) seeking to enforce its right to be reimbursed for the salary and medical expenses paid on behalf of a police officer who was injured when his patrol car collided with a motor vehicle operated by defendant Marissa L. Williams and owned by defendant Mary G. Williams. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Contrary to defendants' contention, the officer's release of defendants from liability arising out of the accident pursuant to the officer's settlement with defendants' insurer does not preclude plaintiff from proceeding against defendants pursuant to General Municipal Law § 207-c (6) (*see City of Buffalo v Maggio*, 47 Misc 2d 971, 974-975 [1965], *revd on other grounds* 27 AD2d 635 [1966], *affd* 21 NY2d 1017 [1968]). "[I]t is clear that the [officer] could not release the defendant[s] from causes of action which were not [his] and which, in fact, by statute were exclusively the municipality's" (*id.* at 975). Moreover, "[t]he mere fact that the [officer] received a settlement from the defendant[s' insurer] does not establish that the money so paid included any part of the payments made by [plaintiff] pursuant to statute" (*id.*). To the contrary, where, as here, the plaintiff has paid the injured officer his or her regular wages and medical expenses, it should be assumed that the

tortfeasor's settlement was for the officer's bodily injuries and pain and suffering and not for any lost wages and medical expenses (*see Matter of McKay v Town of W. Seneca*, 41 NY2d 931 [1977], *revg* 51 AD2d 373 [1976] *on dissenting op of Mahoney, J.*; *see also Szybura v City of Elmira*, 28 AD2d 1154, 1155 [1967]).

We reject defendants' further contention that plaintiff's cause of action pursuant to General Municipal Law § 207-c (6) is strictly derivative of the injured officer's common-law cause of action against the same tortfeasor. We note that, in support of that contention, defendants erroneously rely upon cases involving the statute of limitations (*see Maggio*, 21 NY2d at 1018; *see also Kurtz v Sanford Fire Apparatus Corp.*, 147 AD2d 952 [1989]) and cases involving application of the no-fault law (*see Village of Suffern v Baels*, 215 AD2d 751 [1995]; *Incorporated Vil. of Freeport v Sanders*, 101 AD2d 808, 809 [1984]; *City of Buffalo v Murry*, 79 AD2d 1096 [1981], *lv denied* 53 NY2d 601 [1981]). Section 207-c (6) grants plaintiff the right to sue in its own name, however, and not as a subrogee of the injured officer (*see Maggio*, 47 Misc 2d at 974). Further, the record establishes that the officer did not incur any lost wages or medical expenses as a result of his injuries inasmuch as all such expenses were paid by plaintiff. Thus, any such damages could not have been within the contemplation of the officer and defendants' insurer in executing the settlement and release (*see generally Szybura*, 28 AD2d at 1155). We thus conclude that the release pertains only to the officer's potential causes of action against defendants and not to plaintiff's statutory cause of action, inasmuch as plaintiff was not a party to the settlement and release and thus is not bound by it. Present—Gorski, J.P., Martoche, Smith, Peradotto and Green, JJ.