■ JAMES E. FULLER et al., Appellants, v GLENN R. MARTIN et al., Respondents. (Action No. 1.) G. L. SUTLIFF et al., Respondents, v JAMES E. FULLER CHEVROLET, INC., et al., Appellants. (Action No. 2.) (Appeal No. 1.) — Orders unanimously affirmed, without costs. Memorandum: This lawsuit involves two interdependent agreements, one for the sale of an automobile dealership and the other for the sale of realty used for the dealership. The contract for the sale of real estate provided that the balance of payments would be made "pursuant to an Installment Land Contract, the terms and details of which are to be agreed to by the parties. If the parties fail to agree to such terms and conditions within 30 days of * * * this offer, this offer shall be deemed revoked".

The Fuller parties fail to raise a triable issue of fact regarding compliance with this condition precedent. Rather they argue that the closing date was postponed from December 28, 1982 until mid-January 1983, at which time they were ready, willing and able to sell; that there was an indemnity provision in the land contract; and that the parties waived the 30-day limitation.

Since the parties failed to agree within the 30-day period, we deem the offer terminated on December 4, 1982. Later negotiations are irrelevant. Fuller's arguments that the 30-day period was waived and that they were denied discovery were not raised below and were not preserved for review (*see, Lindlots Realty Corp. v County of Suffolk,* 278 NY 45, 52; *Arvantides v Arvantides,* 106 AD2d 853). Thus, summary judgment dismissing Fuller's complaint was proper because Fuller's showing to defeat the motion "lacked the evidentiary facts on which a meritorious defense could be made out" (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231). (Appeal from order and amended order of Supreme Court, Steuben County, Fischer, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.