■ FRED C. CALABRIA, Appellant, v ST. REGIS CORPORATION, Defendant, and FRED KOCH BREWERY, Respondent. ST. REGIS CORPORATION, Third-Party Plaintiff, v DELIA & SMITH BEVERAGE CORPORATION, Third-Party Defendant-Respondent. FRED KOCH BREWERY, Third-Party Plaintiff-Respondent, v DELIA & SMITH BEVERAGE CORPORATION, Third-Party Defendant-Re-

spondent. FRED KOCH BREWERY, Fourth-Party Plaintiff-Respondent, v GLENSHAW GLASS COMPANY, INC., Fourth-Party Defendant-Respondent.

Plaintiff Calabria commenced this action for personal injuries alleging breach of the implied warranty of merchantability, the implied warranty of fitness for a particular purpose, express warranty printed on the injury-causing product and an oral expressed warranty of merchantability and fitness for intended use. Calabria, a deliveryman for Delia & Smith Beverage Corporation, was injured on December 10, 1980 when, in removing from a truck a cardboard box containing 12-ounce bottles of Black Horse Premium Ale, one of the handles of the box ripped and tore, causing him to lose his balance and sustain injuries. The manufacturer of the box, St. Regis Corporation, sold the boxes to fourth-party defendant-respondent Glenshaw Glass Company, Inc., which sold its bottles in said boxes to defendant-respondent Fred Koch Brewery. Brewery packaged and transported its Black Horse Preimum Ale in these bottles and boxes and sold them to Delia & Smith Beverage Corporation for local distribution. The action was commenced on March 13, 1984, more than three years, but less than four years, after the injury occurred.

Special Term granted Fred Koch Brewery's motion for summary judgment dismissing the complaint on Statute of Limitations grounds. Relying on *Victorson v Bock Laundry Mach. Co.* (37 NY2d 395), the court held that, because plaintiff was neither a buyer nor direct user of the injury-causing product, the applicable Statute of Limitations period was the three-year period for personal injury actions. The *Victorson* court recognized a remedy under the theory of strict product liability for those plaintiffs who were injured by a product when they were neither the buyers nor users of the product and held applicable the three-year Statute of Limitations period under CPLR 214 (4), (5) for personal injury and property damage actions. *(Supra,* at pp 399-400.) At the time *Victorson* was decided, the only other warranty action available for persons injured by a product was based on Uniform Commercial Code § 2-318, which was only available to family or household members or guests of the buyer.

Effective September 1, 1975, however, Uniform Commercial Code § 2-318 was amended and now extends a seller's express and implied warranties "to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." The Statute of Limitations for an action brought under this section is the four-year Statute of Limitations under Uniform Commercial Code § 2-725 (1).

This action is one for breach of the seller's express and implied warranties, and the underlying claim arose after the effective date of amended Uniform Commercial Code § 2-318, which now brings remote users under the protection of a seller's warranties. Sole recourse to the theory of liability recognized by the *Victorson* court is no longer necessary for remote product users. Because this action was commenced within the applicable four-year Statute of Limitations for actions brought under Uniform Commercial Code § 2-318, the court below erred in granting summary judgment dismissing the complaint. *(See, Doyle v Happy Tumbler Wash-O-Mat,* 90 AD2d 366, 369-370.) Concur—Sullivan, J. P., Carro, Fein, Milonas and Ellerin, JJ.