■ MICHAEL C. KURTZ et al., Respondents, v SANFORD FIRE APPARATUS CORP. et al, Respondents, and PARATECH, INC., Defendant and Third-Party Plaintiff-Respondent. CITY OF SYRACUSE, Third-Party Defendant-Appellant. M & B EQUIPMENT, INC., Third-Party Plaintiff-Respondent, v PARTNER AB, Third-Party Defendant-Respondent.—Order insofar as appealed from unanimously reversed on the law with costs and cross motion denied, in accordance with the following memorandum: Special Term erred by dismissing the City of Syracuse's cross claim for reimbursement of medical expenses and salary benefits paid to firefighter Michael Kurtz pursuant to section 207-a of the General Municipal Law. Although a claim for reimbursement under subdivision (7) of that section is derivative and permissible only if the disabled firefighter possessed a cause of action which could have been asserted against third parties (see, City of Buffalo v Maggio, 21 NY2d 1017, affg 27 AD2d 635; City of Buffalo v Murry, 79 AD2d 1096, lv denied 53 NY2d 601), we disagree with the conclusion that any cause of action Kurtz possessed was time barred.

Plaintiff Kurtz was injured while using a Partner K1200 rescue saw in the course of fire-fighting duties for the city. The rescue saw allegedly was manufactured by Partner AB, a third-party defendant. The city's cross claim against Partner AB alleges that several express and implied warranties were breached in the design, manufacture and sale of the saw. As an employee of the buyer (city), plaintiff Kurtz was a third-party beneficiary of those warranties and possessed a cause of action for their breach (see, Uniform Commercial Code § 2-318; Calabria v St. Regis Corp., 124 AD2d 514). The record fails to reveal the date the rescue saw was delivered to the city or whether any warranty expressly extended to future performance (see, Uniform Commercial Code § 2-725 [2]). Under the circumstances, Partner AB failed to demonstrate that a cause of action for breach of warranty, if asserted, would have been

barred by the four-year Statute of Limitations, and the motion to dismiss the city's reimbursement claim should have been denied. We do not reach the issue whether the city's cross claim was barred by section 15-108 of the General Obligations Law. That issue was not raised before Special Term and was not preserved for appellate review (*Fuller v Martin,* 109 AD2d 1060).

The only issue raised on the cross motion pertained to the claim for reimbursement of statutory benefits, and Special Term did not consider whether to dismiss the remaining portions of the cross claim against Partner AB. Accordingly, we reverse that portion of the order dismissing the cross claim, and we deny the cross motion of Partner AB. (Appeal from order of Supreme Court, Onondaga County, Miller, J.— dismiss counterclaims and cross claims.) Present—Callahan, J. P., Doerr, Pine, Balio and Davis, JJ.