■ MARLENE STERLACCI et al., Respondents, v PERRIE GURFEIN et al., Appellants. [794 NYS2d 362]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered October 24, 2003, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, and granted plaintiff Sterlacci's cross motion for summary judgment on her cause of action for unjust enrichment in the amount of $20,000, unanimously affirmed, without costs.

Plaintiff Sterlacci, who advanced $20,000 that defendants received for use in starting up a business, is entitled to summary judgment on her claim to recover the $20,000 on an unjust enrichment theory, there being no evidence that she and defendants entered into any agreement concerning such funds (cf. Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]) and there being no evidence that defendants provided Sterlacci with any value for the money they received from her. Accordingly, the motion court correctly denied defendants summary judgment dismissing Sterlacci's unjust enrichment cause of action, and correctly granted Sterlacci summary judgment in her favor on that cause of action.

The motion court was also correct in refusing to grant defendants summary judgment dismissing plaintiff Krakovsky's cause of action seeking to recover the funds ($20,000) and merchandise (allegedly worth $7,000) he allegedly provided to defendants in partial performance of his agreement to purchase an interest in defendants' business. Although it is undisputed that Krakovsky and defendants orally agreed that Krakovsky would make an investment in the business, and it is further undisputed that Krakovsky did not provide the full amount that had been agreed upon ($165,000, according to defendants; $150,000, according to Krakovsky), neither side contends that the oral agreement addressed the subject of a default by Krakovsky. In the absence of such a term, and given that the agreement was not for the purchase or sale of real property, Krakovsky, even if in default, is entitled to recover "for part performance to the extent of the net benefit conferred" (Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 380 [1986]; see also UCC 2-718 [2] [b]). Further proceedings are required to resolve issues of fact as to what the terms of the parties' agreement actually were; whether the agreement was definite enough to be enforceable; whether, if the agreement was enforceable, Krakovsky

defaulted thereunder; and whether, if Krakovsky is in default, his failure to pay defendants the agreed-upon amount has caused defendants to suffer any loss, which loss, if established, would reduce the amount of the "net benefit conferred" by Krakovsky's part performance. Accordingly, the motion court correctly concluded that defendants were not entitled to summary judgment dismissing Krakovsky's claim. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.