WILLIAM E. HAVERON, Appellant, v PATRICIA KIRK-PATRICK, Respondent. [824 NYS2d 704]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered January 4, 2006. The order, among other things, granted in part defendant's motion for summary judgment and dismissed the first, second and third causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion seeking summary judgment dismissing the first cause of action and reinstating that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to recover the sum of $88,157.57 transferred by plaintiff to defendant at a time when the parties were involved in a romantic relationship. Supreme Court properly granted that part of defendant's motion seeking summary judgment dismissing the second cause of action, alleging that defendant breached the parties' agreement that the transfer was a loan that would be repaid upon the occurrence of certain specified events, and that part of defendant's motion seeking dismissal of the third cause of action, alleging that defendant breached the covenant of good faith and fair dealing implicit in that agreement. "A 'loan' is a contract by which one party advances monies to the other upon a promise to repay . . . [and, l]ike any contract, it requires mutuality of consent" (*Matter of Druck*, 7 Misc 3d 893, 897 [2005]). Here, plaintiff's own deposition testimony estab-

lishes that defendant did not consent to the alleged loan agreement. The court also properly denied that part of plaintiff's cross motion seeking summary judgment on the first cause of action, for money had and received (*cf. Sterlacci v Gurfein*, 18 AD3d 229, 230 [2005]). The court erred, however, in granting that part of defendant's motion seeking summary judgment dismissing the first cause of action, and we therefore modify the order accordingly. Defendant failed to submit evidence establishing as a matter of law that plaintiff intended to make a gift of the transferred funds (*see generally Gruen v Gruen*, 68 NY2d 48, 53 [1986]; *Matter of Kilts*, 54 AD2d 772, 773 [1976]), nor did she otherwise establish that the cause of action for money had and received has no merit (*see generally Sterlacci*, 18 AD3d at 230-231; *Kettner v Carson*, 44 AD2d 804, 805 [1974]). Finally, contrary to plaintiff's contention, the court properly ruled on the motion despite defendant's failure to submit copies of the pleadings with the motion inasmuch as the pleadings previously were submitted to the court on plaintiff's prior motion for leave to amend the complaint, the pleadings were submitted by plaintiff in support of his cross motion and are part of the record on appeal, and the order recites that they were before the court when it decided the motion and cross motion (*see generally Van Epps v Town of Verona*, 305 AD2d 1035, 1036 [2003]). Present—Hurlbutt, A.P.J., Kehoe, Smith and Green, JJ.