▮ David Dale, Individually and as Administrator of the Estate of Virginia Dale, Deceased, Appellant, v Waletta Gentry, Respondent. [885 NYS2d 832]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered June 2, 2008 in a breach of contract action. The order and judgment denied the motion of plaintiff to compel discovery and granted that part of the cross motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising from the alleged breach by defendant of a contract for the purchase of residential real property from the estate of plaintiff's decedent. Supreme Court properly denied plaintiff's motion to compel discovery and granted that part of defendant's cross motion seeking summary judgment dismissing the complaint. The court providently exercised its discretion in declining to accept the papers that were untimely submitted by plaintiff in support of his motion (*see* CPLR 2214 [c]; *Moore v Long Is. Coll. Hosp.*, 273 AD2d 365 [2000]). Further, the court properly decided the cross motion despite defendant's failure to attach copies of the pleadings to the cross motion papers. The record establishes that defendant thereafter submitted copies of the pleadings to the court, and the order and judgment on appeal recites that they were before the court when it decided the cross motion (*see Haveron v Kirkpatrick*, 34 AD3d 1297 [2006]). With respect to the merits of the cross motion, the court properly concluded that defendant met her burden of establishing that the contract in question, by its express terms, never became effective (*see generally Farago v Burke*, 262 NY 229, 231-232 [1933]; *Chatterjee Fund Mgt. v Dimensional Media Assoc.*, 260 AD2d 159 [1999]; *Textron, Inc. v Parkview Equities*,

159 AD2d 989 [1990]), and plaintiff failed to raise a triable issue of fact (*see generally Fuller v Martin*, 109 AD2d 1060 [1985]). Present—Centra, J.P., Fahey, Peradotto and Green, JJ.